### HICKS v. MURPHY et al.

(Court of Civil Appeals of Texas. San Antonio. Oct. 23, 1912.)

APPEAL AND ERROR (§§ 621, 629*) — APPEAL FROM TEMPORARY INJUNCTION ORDER—TIME OF FILING STATEMENT OF FACTS.

Under Rev. St. 1895, art. 2989 (as amended by Act 1909, c. 34) § 2, authorizing appeal from an order granting, refusing, or dissolving a temporary injunction, provided the transcript be filed with clerk of the Court of Civil Appeals within 15 days after entry of the order, section 3 declaring it unnecessary to brief the case, and that it may be heard on appeal on the bill and answer, and such affidavits and testimony as may have been admitted by the trial judge, and section 4, providing such a case may be advanced in the appellate court on motion of either party, it is intended that the entire record be filed within 15 days, that the case may be disposed of with dispatch, so that the general statute relating to making and filing statements of fact, giving 30 days after adjournment therefor, does not apply, but, if the statement is not filed in the 15 days, relief can be had only under article 1382, providing for consideration of statements of fact not filed within the time prescribed by law, provided good ground is shown for such delay.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2724–2731, 2765; Dec. Dig. §§ 621, 629.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by E. G. Hicks against J. E. Murphy and others. From an order plaintiff appealed, and moves to be allowed to file the statement of facts. Motion overruled.

MOURSUND, J. This is a case of appeal from an order dissolving a temporary injunction. The order was made June 3, 1912, and on June 18, 1912, appeal bond was filed below, and on the same day the transcript was filed in this court. On September 14, 1912, statement of facts was filed below, the same being approved by the trial judge, after it was agreed to by opposing counsel, who, while agreeing to its correctness, saved, or undertook to save, an exception thereto, on the ground that it had not been approved and filed within the time required by law. It appears the statement of facts was filed within the time allowed by the trial court by orders duly entered of record. Appellees filed a motion to dismiss this appeal because of the absence of a statement of facts in the

---

record, which motion was overruled. In replying to said motion appellant moved that he now be allowed to file the statement of facts in this court. Appellees contest said motion on the ground that under article 2989 of the Revised Civil Statutes, as amended by Act of 1909, p. 354, the transcript in a cause dissolving a temporary injunction must be filed within fifteen days after the entry of the order, and that said article contemplates that the affidavits and evidence upon which the court acted should also be filed within that time.

Appellant does not seek to file his statement of facts under article 1382 of the Revised Statutes, providing for the consideration of statements of fact not filed within the time prescribed by law, provided good ground is shown for such delay. He relies upon the general statute relating to the making and filing of statements of fact, which grants 30 days after adjournment, and authorizes the granting of additional time by the trial court, and it is not questioned that he has complied with said statute. The question to be determined by us, therefore, is whether the general statute with regard to statements of fact applies to an appeal from an order dissolving a temporary injunction or whether the statement of facts must be filed within the time for filing transcript, unless good cause for delay be shown as provided by article 1382. Sections 2 and 3 of article 2989 of Revised Statutes, as amended by the Act of 1909, p. 354, are as follows: Section 2: "Any party or parties to any civil suit wherein a temporary injunction may be granted, refused or dissolved, under any of the provisions of this title, in term time or in vacation, may appeal from the order or judgment granting, refusing or dissolving such injunction, to the court of civil appeals having jurisdiction of the case; but such appeal shall not have the effect to suspend the enforcement of the order appealed from, unless it shall be so ordered by the court or judge who enters the order; provided, the transcript in such case shall be filed with the clerk of the court of civil appeals not later than fifteen days after the entry of record of such order or judgment granting, refusing or dissolving such injunction." Section 3: "It shall not be necessary to brief such case in the court of civil appeals or supreme court and the case may be heard in the said courts on the bill and answer, and such affidavits and evidence as may have been admitted by the judge granting, refusing or dissolving such injunction; provided, the appellant may file a brief in the court of civil appeals or supreme court upon the furnishing the appellee with a copy thereof not later than two days before the case is called for submission in such court, and the appellee shall have until the day the case is called for submission to answer such brief."

The evident purpose of requiring the transcript to be filed within 15 days was to hasten the disposition of the appeal. For such purpose it is further provided that the case need not be briefed, and that it may be heard on the bill and answer and such affidavits and evidence as may have been admitted by the judge below. Section 4 of the same act provides that such cases may be advanced in the higher courts upon motion of either party. If a statement of facts can be filed under the law relating to appeals in general, the provisions referred to, which were designed to insure a speedy trial on appeal, will be completely nullified. The intention of the lawmakers evidently was that the entire record should be filed within 15 days, so that the case might be disposed of with dispatch. If the evidence consists of affidavits and documentary evidence, it would appear that the same may be sent up and be considered by the appellate court. If the testimony of witnesses be introduced of necessity, a statement of facts should be prepared and filed. The act being a special act giving the right of appeal in this character of case, its provisions should govern, and those things must be done which are necessary in order to take advantage of its provisions.

We hold that an appeal bond must be filed, so that it can be copied in transcript, and that statement of facts, if desired, must be filed in time to be filed with the transcript in the Court of Civil Appeals, unless it be shown that the delay was not due to the fault or laches of the party desiring to have same considered.

The appellant's motion for leave to file statement of facts is therefore overruled.