**COBB v. H. C. BURT & CO. et al.**    (No. 809.)

(Court of Civil Appeals of Texas. Beaumont. April 24, 1922.)

**1. Pleading** ⬤⇒298—**Affidavit of attorney to plea of privilege sufficient.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 11, providing that an affidavit necessary during judicial proceedings may be made by the party, his agent or attorney, a plea of privilege to be sued in the county against which the action was brought, sworn to by defendant's attorney, was sufficient as to the affidavit.

**2. Appeal and error** ⬤⇒1039(1)—**Consideration of amended plea with original plea held harmless.**

Where an amended plea of privilege of defendant county commissioners to be sued in the county against which suit was brought according to Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 19, was sufficient within itself, and was sworn to by one of the defendants, considering the original plea with it was, if error, harmless.

**3. Pleading** ⬤⇒256—**Plea of privilege may be amended.**

A plea of privilege by defendant county commissioners to be sued in a county against which suit was brought according to Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 19, may be amended.

**4. Counties** ⬤⇒215—**Suit held to be a "suit against county" so that a plea of privilege to be sued therein was properly sustained.**

A suit by a contractor filed in H. county against the county judge and others, commis-

sioners of G. county, wherein the complaint alleged plaintiff "entered into a contract with G. county, Tex., through said county judge and commissioners' court, for the construction," etc., was a suit against the commissioners in their official capacities representing the county, and to all intents and purposes a suit against the county, so that a plea of privilege to be sued in G. county pursuant to Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 19, requiring suit against a county to be commenced within it, was properly sustained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

**5. Action** ⊜⇒50(10)—Joinder of county commissioners and brokers who agreed to purchase county bonds in suit by contractor held improper.

In a suit by a contractor against county commissioners to enjoin their letting a contract originally let to plaintiff, joining brokers who agreed to purchase county bonds to pay for work contracted for by plaintiff was improper, since the cause of action against the commissioners and the broker was not the same, and the suit as to the brokers was properly dismissed.

**6. Venue** ⊜⇒41—Transfer of cause of action against commissioners of a county and others to such county not error.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, providing that where defendants reside in different counties suit may be brought where any of them reside, in a suit by a contractor against county commissioners to enjoin their reletting a contract, and against brokers who were to purchase county bonds to pay for work for specific performance, where service was had on the brokers in the county of their residence, transferring the cause to the county in which the contract was to be performed was not error, since the causes of action against the commissioners and against the brokers were separate, and since, where a county is a party defendant under subdivision 19, suit must be brought in the county, in view of subdivision 30.

**7. Appeal and error** ⊜⇒339(4)—Refusal to consider application for injunction not error.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4644, providing that in appeals from rulings on a temporary injunction the transcript shall be filed with the clerk of the Court of Civil Appeals within 20 days after the entry of the order or judgment, where judgment was entered March 2 and the transcript was filed in the Court of Civil Appeals May 11, an assignment of error for refusal to consider an application for an injunction will be overruled.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by Dan Cobb against H. C. Burt & Co. and others. From judgment transferring the cause to another county, sustaining defendant H. C. Burt & Co's. plea of misjoinder, and refusing an injunction, plaintiff appeals. Affirmed.

John H. Eaton and I. W. Scott, both of Fort Worth, for appellant.

G. E. Lockhart, of Tahoka, and A. B. Wilson, of Houston, for appellees.

O'QUINN, J. [1] This controversy grew out of a contract between appellant and Gaines county, Tex., for the building of a courthouse and jail for said county. Believing that a full statement of the pleadings of the parties is necessary to an understanding of the rulings of the trial court and judgment of said court, we here adopt the statement of the nature and result of the suit taken from appellees' brief, to wit:

"This suit was filed in the district court of Harris county, Tex., December 6, 1920, against H. C. Burt and E. D. Stebbins, residing and doing business in Harris county, Texas, under the firm name of H. C. Burt & Co., and against T. O. Stark, county judge of Gaines county, and T. I. Harwell, J. E. Hughes, W. B. Eubanks, and J. H. Lohman, county commissioners of said county, composing the county commissioners' court of Gaines county, Tex.

"The plaintiff alleged that heretofore, to wit, on the 17th day of May, 1919, he entered into a contract with Gaines county, Tex., through said county judge and commissioners' court, for the construction of the courthouse and jail in and for said county, as set forth in a written contract and supplemental contract of that date, and that by the terms of said contract the plaintiff undertook to provide all the material and to perform all work shown by the drawings and described in the specifications for said building, dated May 1, 1919, prepared by Sanguinette and Staats, including plumbing, heating, wiring, cellwork, etc., to be completed by May 17, 1920, agreeing to pay or allow the owner as and for agreed liquidated damages the sum of $20 for each day thereafter, Sundays and legal holidays not included; that the work remained uncompleted, and the owner, to wit, Gaines county, agreed to pay plaintiff for the construction of said courthouse and jail in current funds the sum of $84,000, subject to additions and deductions as provided in the general conditions of the contract, payments to be made on the certificate of the architect as follows: In Gaines county, Tex., warrants to be dated June 10, 1919, and to bear interest from date until paid at 6 per cent. per annum, evidenced by coupon warrants attached, interest payable the 1st days of October and April of each year, beginning with the 1st days of October and April of each year, beginning with the 1st day of April, 1920, said debt and interest payable in installments as follows: Two warrants for $1,000 each April 1, 1920, 1921, 1922, 1923, 1924, and 1925, and three warrants of $1,000 each April 1, 1926, 1927, 1928, 1929, 1930, 1931, and on down to and including 1949. .

"It was further provided in said contract that said warrants should be delivered to the plaintiff upon monthly estimates of said architect of 90 per cent. of the cost of labor and material incorporated in the work and all material delivered on the premises (considered suitable and not perishable by said architect), balance

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to be delivered to plaintiff when the work was completed and accepted, and at the option of the owner might be withheld 30 days thereafter, and it was further agreed that the judge of said commissioners' court might deliver to plaintiff warrants to the extent of 90 per cent. of the actual cost of the material paid for by him and delivered on the premises pending the estimate of the architect, such payments to be deducted from the next succeeding payment on the architect's estimate.

"It was further provided in said contract that the warrants delivered to the plaintiff should be accepted by him at their par value and the accrued interest, but that said county guaranteed that the aggregate sum realized on said warrants should be $84,000, and any amount exceeding $84,000 should be retained by the county. And it was further agreed that the plaintiff should have the right to sell, assign, and transfer to any person, firm, or corporation any and all of the warrants and coupon warrants issued by said county to plaintiff, as aforesaid, with the qualification that the price for which they were to be sold should be approved by a majority of said commissioners' court.

"Plaintiff also alleged that on the 28th day of May, 1919, a written agreement was entered into by the defendant H. C. Burt & Co. and Gaines county, represented by said T. O. Stark and plaintiff, Dan Cobb, by the terms of which H. C. Burt & Co. purchased said warrants. at a price of par and the accrued interest to date of delivery, with the understanding and agreement that H. C. Burt & Co. was to receive a commission of 3 per cent. of the par value of the warrants to cover cost of printing and attorney's fees. By the terms of this agreement the warrants, when ready for delivery on monthly estimates as the work progressed, were to be delivered to the First National Bank, of Houston, Tex., and were to be shipped by said bank to the Northern Bank correspondent of H. C. Burt & Co. for payment, shipping charges from Houston to be paid by H. C. Burt & Co.

"Plaintiff alleged that the construction placed on the contract for the construction of said courthouse and jail by said county and its county judge and commissioners' court and plaintiff, from the beginning, was that the plaintiff was to receive in money the full amount of such monthly estimates of the architect, and that the guaranty of said county was to be made good as the work progressed; that he undertook the construction of the building on this understanding and on this interpretation of the contract.

"He further alleged that when said contract was entered into a railroad was in operation from Midland, Tex., to Seminole, Tex., the county seat of Gaines county, Tex., and it was contemplated by the officials of said county and plaintiff in entering into said contract that said railroad would continue to be operated between said two points, thus making connection with the markets and with other railroads for the transportation of the material required in said building; there being no other railroad connecting Seminole with the outside world, and it being necessary to transport practically all the material used in the construction of said building, which was to be of reinforced concrete and brick, and a great amount of cement was required, which had to be carried several hundred miles by rail.

"Plaintiff alleged that he entered upon the construction of said building as soon as he reasonably could after entering into said contract, and used diligence in the prosecution of same, but was hindered and delayed and prevented from completing same by the time specified in said contract because said railroad ceased to be operated within a few months after he undertook the construction of said building, and thus he was prevented from having the material delivered on the ground, and the same was left standing in cars at Midland, at which point he had shipped it, whence he had expected to transport it to Seminole, a distance of about 70 miles. That the supply of cement necessary for the construction of buildings in this country failed, and he was wholly unable to obtain the necessary quantity of cement and other material to complete said building within the time specified, and he was thus delayed in the completion of the work by causes beyond his control, and also by acts of the said commissioners' court and county judge as hereinafter shown.

"Plaintiff alleged that he had erected the concrete frame and floors of said building at an expense of considerably more than $40,000; that said architect made monthly estimates as provided in said contract as follows: August 18, 1919, $2,000; October 27, 1919, $4,000; January 9, 1920, $9,000; March 8, 1920, $6,-000; April 13, 1920, $6,000; May 12, 1920, $5,000; total, $32,000—which estimates were paid on the sale of said bonds by said county and the payments by said county of the difference between the amounts realized on said bonds and their face. That on the 14th day of June, 1920, said architect made further estimates of $6,000, which has never been paid because the defendants H. C. Burt & Co. refused to take said warrants at par, less said discount of 3 per cent., and because said county refused to sell said warrants at a greater discount and pay the difference to plaintiff; and plaintiff alleged that he was unable, without the payment of this estimate, to proceed further with the building of said courthouse and jail, and he further alleged in that connection that none of said warrants has ever been delivered to him, and the defendants H. C. Burt & Co. have refused to carry out their contract, and refused to take any more of said warrants unless they would be discounted 20 per cent. at such discount, and make good the difference to plaintiff, and thus the contracts made with the plaintiff, both on behalf of said county and the said H. C. Burt & Co., had been broken and violated by them, although plaintiff has fully complied with said contracts on his part so far as he was able to do, and was only prevented from carrying out said contract by the failure of the said H. C. Burt & Co. and said county and its said officials to comply with the terms of said contract; and the said H. C. Burt & Co. are now indebted to the plaintiff in the said sum of $6,000, less 3 per cent. thereof, with interest from June 14, 1920, and the said county is indebted to this plaintiff in the full sum of $6,000, with interest thereon from June 14, 1920, and is further liable to this plaintiff for an additional sum as

provided in the contract above set out, for which he is entitled to further estimates from the architect.

"Plaintiff alleged that said commissioners' court in disregard of their duties and the obligations of said county to him, on, to wit, November 11, 1920, at a regular term of said commissioners' court, entered an order to the effect that the contract for the construction of said courthouse and jail was terminated for the reasons set out in a letter dated October 23, 1920, addressed to plaintiff and the sureties on his bond, and for the reasons set out in the certificate of the architect issued on the 1st day of November, 1920, and further ordered that Gaines county take possession of all tools, machinery, appliances, and material which belonged to the plaintiff, and to take possession of said premises, and that all of said material that had been delivered to the plaintiff and was then in his possession be forfeited to said county, and directing the county judge of said county to proceed to advertise for bids for the completion of said courthouse, according to the original plans and specifications, and that bids be received, with the right to reject any and all bids, up to 2 o'clock p. m. on Monday, December 13, 1920. A certified copy of said order was attached to plaintiff's petition and marked Exhibit C.

"Plaintiff alleged that the letter referred to in said order gave as a reason for terminating said contract the refusal of the plaintiff to proceed with the construction of said building —said letter attached to plaintiff's petition and marked Exhibit D—and the reason given in the letter of the said architect referred to was that plaintiff has not been furnishing sufficient labor and material to properly and diligently prosecute the work on said building, and that the time limit for the entire completion of said contract expired May 17, 1920, and that there was no apparent effort being made by said contractor towards an early completion of said contract work; a copy of said letter from said architect being attached to the plaintiff's petition and marked Exhibit E.

"Plaintiff further alleged that in accordance with said order the county judge of Gaines county had advertised for bids to be received and opened December 13, 1920, at 2 o'clock p. m. by the commissioners' court of Gaines county, Tex., for the completion of said courthouse and jail at Seminole, Gaines county, Tex., stating in the notice that the contractor who is awarded the contract will be required to accept the legal obligations of the county in payment for work, all bids to be filed with the county judge by 12 o'clock noon Monday, December 13, 1920.

"Plaintiff alleged that said warrants thus offered for the construction of said building are now considerably below par, and would probably not bring more than 80 cents on the dollar, if that, and plaintiff and his bondsmen would suffer irreparable loss if said commissioners' court was not enjoined from awarding the contract for the completion of said building to some other person, which they will do, if not enjoined, and the rights of plaintiff as set forth herein entitle him to an injunction restraining them from letting a contract to another person, and thus depriving him from the benefit to be derived from the completion of said building under his contract with said county, and plaintiff will further suffer an irreparable loss, in that if such contract is made the said commissioners' court and said county will place it out of their power to deliver the warrants already earned by the plaintiff to the First National Bank of Houston for H. C. Burt & Co. as provided in the contract of May 28, 1919.

"Plaintiff alleged that he is entitled to have said contract of May 28, 1919, specifically performed both by H. C. Burt & Co. and Gaines county and by Gaines county and the county judge and commissioners' court of said county, and no other remedy for the breach of said contract would be adequate under the circumstances as set forth; that in order to enable him to perform his duty under said contract, and to avert considerable loss to him and his bondsmen, it is necessary that the same be construed as it has been construed by the parties thereto, and that the same be specifically enforced by decree of this court as so construed,' and, if this is not done, he and his bondsmen will suffer irreparable loss.

"Plaintiff further alleged that he has a large amount of material now on the ground at Seminole, of the aggregate value of $40,000, which said commissioners' court has wrongfully tried to forfeit.

"Plaintiff prayed for judgment that said contract be specifically enforced as set out above, and that a mandatory injunction issue against both H. C. Burt & Co. and the said county judge and commissioners' court, requiring the said county judge and commissioners' court to deliver said warrants for $6,000 to the First National Bank of Houston, and requiring H. C. Burt & Co. to receive same from said bank and to pay for the same at par, less 3 per cent., and that the said commissioners' court pay the full amount to plaintiff, and that the plaintiff be allowed to proceed with the completion of said building, and to receive pay therefor in the future as he was paid on the estimates prior to the June estimates, 1920, and prayed that this cause be set down at the earliest convenient day for hearing on this prayer for a mandatory injunction, and, whether this is granted or not, he prayed that an injunction issue at once, restraining said county judge and county commissioners from receiving bids and awarding a contract for the completion of said building to another person, and from declaring and enforcing said forfeiture of material.

"Upon presentation of the plaintiff's petition before Hon. J. D. Harvey, judge of the Eightieth judicial district of Texas, the following order was made by said court: 'Upon presentation of the foregoing petition, it is ordered that the application for temporary injunction therein contained be and the same is set down at 9 o'clock a. m. December 21, 1920, in the courtroom of the Eightieth district court at Houston, Harris county, Tex., and, pending such hearing and until otherwise ordered by me, the defendants are ordered to refrain from doing any of the acts and things to restrain the doing of which complainant herein seeks such temporary injunction.'

"The appellees, T. O. Stark, county judge of Gaines county, Tex., and T. I. Harwell, J. E. Hughes, W. B. Eubanks, and J. H. Lohman,

county commissioners of Gaines county, Tex., on the 11th day of February, 1921, filed their plea of privilege to be sued in the district court of Gaines county, Tex., and said that this court shall not have or take further cognizance of this suit than to have the same transferred to the district court of Gaines county, Tex.; that at the time of the filing of this suit and at the time of service of citation on the above-named defendants herein, and at the time of the making and filing of this plea, the defendants, nor any of them, were resident citizens of Gaines county, Tex.; that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 and article 2308 of the Revised Statutes exist in said cause; that this is a suit primarily for an injunction to restrain and enjoin the defendants hereinbefore named from receiving and accepting bids for the construction and completion of the Gaines county courthouse and jail, and that said suit is in fact and in law against Gaines county, one of the organized counties of the state of Texas, and that section 19, art. 1830, of Vernon's Sayles' Civil Statutes of this state provide that suits against any county should be commenced in some court of competent jurisdiction within said county. Said plea of privilege was signed and sworn to by G. E. Lockhart, attorney for the defendants named in said plea of privilege.

"On the 2d day of March, 1921, the defendants, T. O. Stark, county judge of Gaines county, Tex., and T. I. Harwell, J. E. Hughes, W. B. Eubanks, and J. H. Lohman, county commissioners' court of Gaines county, Tex., filed in the lower court their amended and supplemental plea of privilege, and, among other things, alleged that at the time of the filing of this suit and at the time of service of citation upon the defendants herein answering, and at the time of making of this plea of privilege, these defendants were and are resident citizens of Gaines county, and were not residents of Harris county, Tex., and that each and all of these defendants were and are at the times named herein resident citizens of Gaines county, Tex.; that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 and article 2308 of the Revised Civil Statutes of Texas, or the amendments thereto exist in this cause; that this is a suit primarily for an injunction to restrain and enjoin the defendants hereinbefore named from receiving and accepting bids and proposals for the construction and completion of the Gaines county courthouse and jail, and that said suit is in fact and in law a suit against Gaines county, Tex., one of the organized counties of the state of Texas, and that section 19, art. 1830, of the Revised Civil Statutes of Texas provides that suits against any county shall be commenced in some court of competent jurisdiction within such county, and said Gaines county, Tex., here joins in the plea of privilege, joining the officials of said county named in the plea of privilege.

"The defendant's amended and supplemental plea was signed and sworn to by T. O. Stark, county judge of Gaines county, Tex., for himself and for his codefendants named in said plea of privilege.

"The plaintiff filed exceptions to the defendants' pleas of privilege: First, because the plea of privilege filed by the defendants is not sworn to by the defendants, or any of them, and does not state under oath the facts necessary to institute a plea of privilege; second, because the same is insufficient on its face, and same fails to deny that the residence of, to wit, H. C. Burt and E. D. Stebbins, composing the firm of H. C. Burt & Co., at the time of the institution of this suit and now, is in Harris county, Tex.; and that this suit was brought against the defendants H. C. Burt and E. D. Stebbins, doing business under the firm name of H. C. Burt & Co., in Harris county, Tex., being said defendants' residence, who are engaged in business in said county, and did so reside and were so engaged in business when this suit was brought and when service was had on them, and that it was brought in good faith against them, and the other defendants were joined as proper parties defendant.

"The court, after hearing the evidence, overruled the plaintiff's exceptions, and sustained the defendants' plea of privilege to be sued in Gaines county, Tex., and also refused the injunction prayed for by the plaintiff and sustained the defendant H. C. Burt & Co.'s plea of misjoinder.

"The plaintiff excepted to the ruling of the court, and in due time perfected his appeal to this court, and this cause is now before this court for review upon the record."

Appellant's first assignment of error is:

"The court erred in overruling the exception of plaintiff to the plea of privilege filed by T. O. Stark et al. on the ground that it was not sworn to by the defendants, or any of them."

It will be noted that the objection is not to the form or substance of the affidavit to the plea, but to the person making same; that the plea must have been sworn to by some one of the defendants in person. The assignment is overruled. Article 11, Vernon's Sayles' Civil Statutes, provides:

"Whenever, at the commencement or during the progress of any civil suit or judicial proceeding, it may be necessary or proper for any party thereto to make an affidavit, such affidavit may be made by either the party or his agent or attorney."

The plea was sworn to by the attorney for the named defendants.

[2] Appellant complains, by his second assignment, that:

"The court erred in sustaining said original plea of privilege after allowing the defendants to file an amended plea, and in considering both the original and amended plea and making them the basis of his judgment."

[3] The only ground of complaint is that the court should not have considered both the original plea and the amended plea. The sufficiency of the plea is not questioned. The court did not err in permitting the plea of privilege to be amended. Such plea may be amended as any other pleadings. The amended plea, while denominated "Amended and

.Supplemental Plea," was, in fact, a complete amended, plea, entirely, sufficient within itself, and was sworn to by T. O. Stark, one of the defendants, for himself, and in behalf of the other defendants, and should be so considered. The court's considering both the original plea and amended· plea of privilege, if error, was harmless error, the amended plea being wholly sufficient. Mellville v. Wickham (Tex. Civ. App.) 169 S. W. 1123. The assignment is overruled.

[4] By his third assignment, appellant complains that the court erred in sustaining said plea of privilege because the suit was not a suit against Gaines county. We think the assignment should be overruled. Appellant alleged, in his petition, that he "entered into a contract with Gaines county, Tex., through said county judge and commissioners' court, for the construction," etc. The county judge and commissioners were not sued in their individual capacities, but in their official capacities, representing the county, and they had no personal interest in the contract, and were not to receive any individual benefit therefrom. It was, to all intents and purposes and in effect, a suit against the county. Article 1830, subd. 19, Vernon's Sayles' Civil Statutes; Montague County v. Meadows (Tex. Civ. App.) 31 ·S. W. 694. The amended plea of privilege was filed in behalf of all the said defendants, as well as in behalf of the county.

[5] Appellant contends in his fourth assignment that the court erred in sustaining the plea of misjoinder of the defendants H. C. Burt and E. D. Stebbins, and dismissing them from the suit, insisting:

(1) That H. C. Burt and E. D. Stebbins were sued in the county of their residence for a breach of contract on their part, which had been made for the benefit of appellant, and, whether the appellant had the right to join the officials of Gaines county with said defendants, or not, he had the right· to maintain his suit in Harris county against the said defendants who resided there, and who were primarily liable to him for a breach of their contract, or to have the whole case transferred to Gaines county, and not dismissed as to said H. C. Burt and E. D. Stebbins.

(2) That under appellant's allegations in his petition, H. C. Burt and E. D. Stebbins were properly joined with the officials of Gaines county, because the contracts pleaded established a privity of contract between all of the defendants and appellant—that the obligations growing out of a breach of said contracts were interdependent and concurrent.

We do not think the assignment shows error. Appellant, in his petition, alleged:

(1) That he entered into a contract with Gaines county to build a courthouse and jail; that said county had breached said contract, and refused to allow him to complete same, and had taken possession' of his tools and material, and had passed an order terminating his said contract, and directing the ·county judge of said county to advertise for bids for the completion of said buildings; that he was entitled to specific performance on the part of said county as to said contract, and sought an injunction to restrain the county judge and commissioners' court of said county from receiving bids and awarding a contract to any other person for the completion of said buildings, and from declaring and enforcing the forfeiture of his material.

(2) He also alleged that H. C. Burt and E. D. Stebbins had agreed, in a certain contract of date May 28, 1919, to purchase from himself and Gaines county the warrants issued by Gaines county, in the sum of $84,-000 at par and accrued interest, less a commission of 3 per cent., and that they had failed and refused to comply with said contract, and sought a specific performance of said contract. We think, in the language of· counsel for appellees:

"The confusion of causes of parties and causes of action are manifest from the fact of plaintiffs' petition, as he sought to enforce the contract with the county, entered into May 17, 1919, in .which appellees (Burt and Stebbins) were not parties, and in which appellees (Burt and Stebbins) are not concerned, and he sought an injunction restraining Gaines county from canceling his contract and from reletting the contract for the completion of the building, in which appellees (Burt and Stebbins) were in no wise interested."

The cause of action asserted against H. C. Burt and E. D. Stebbins is not the same as that asserted against Gaines county. Blum v. Goldman, 66 Tex. 621, 1 S. W. 899; Flanders v. Woods, 83 Tex. 277, 18 S. W. 572; Stephens v. Bank (Tex. Civ. App.) 146 S. W. 620; Holloway v. Blum, 60 Tex. 625.

[6] By his fifth assignment, appellant complains that the court erred in sustaining the plea of privilege and transferring the cause to Gaines county, because the defendants Burt and Stebbins resided in Harris county, when the suit was filed, when service was had, and when the plea was filed, and at the hearing hereof. He relies upon article 1830, subd. 4, Vernon's Sayles' Civil Statutes. The assignment is overruled. It has been repeatedly held that where there are several defendants residing .in different counties, in order that suit may be brought in the county where one of the defendants resides, the cause of action must be the same against each of the defendants. Waldrep v. Roquemore, 60 Tex. Civ. App. 138, 127 S. W. 248; F't. Worth Horse & Mule Co., v. Smith (Tex. Civ. App.) 149 S. W. 200; Garrett v. Bank (Tex. Civ. App.) 192 S. W. 313. Appellant's cause of action against Gaines county was

wholly different to that against Burt and Stebbins.

Furthermore, if subdivision 4 of article 1830 were applicable, the suit against the county judge and commissioners of Gaines county being, in effect, a suit against said county, subdivision 19 of said article would control. Said subdivision provides that—

"Suits against any county shall be commenced in some court of competent jurisdiction within such county."

It has been held that where there are several defendants residing in different counties, and a county is one of said defendants, the action must be brought in said county. Montague County v. Meadows et al. (Tex. Civ. App.) 31 S. W. 694; Dickson v. Scharff (Tex. Civ. App.) 142 S. W. 980; article 1830, subd. 30, Revised Statutes.

[7] Appellant's sixth assignment complains:

"The court erred in refusing to consider the application of plaintiff for an injunction for want of jurisdiction, because of the order transferring the case to Gaines county for trial."

The assignment is overruled. The judgment below was entered on March 2, 1921, refusing the application for writ of temporary injunction. The transcript was not filed in the Court of Civil Appeals until May 11, 1921. Article 4644, Vernon's Sayles' Civil Statutes, provides that in appeals from orders granting, refusing, or dissolving a temporary injunction, the transcript shall be filed with the clerk of the Court of Civil Appeals not later than 20 days after the entry of record of such order or judgment. Article 4644, Vernon's Sayles' Civil Statutes; Hicks v. Murphy (Tex. Civ. App.) 150 S. W. 955; Jaynes v. Burch (Tex. Civ. App.) 151 S. W. 596.

Believing that the judgment should be affirmed, it is so ordered.