**RANDALL COUNTY et al., Appellants,**

v.

**Donald C. TODD et al., Appellees.**

**No. 8696.**

Court of Civil Appeals of Texas, Amarillo.

Sept. 30, 1976.

Richard L. Wilcox, Asst. Dist. Atty., Canyon, for appellants.

Robert E. Garner, Garner, Vickers, Purdom & Nelson, Lubbock, for appellees.

ELLIS, Chief Justice.

This venue case grew out of a suit instituted in the District Court of Potter County, Texas, by Donald Todd and various other taxpaying citizens of the cities and counties in which they are alleged to reside, individually, collectively and as a class, against (1) Panhandle Regional Planning Commission, (2) several of its member counties and cities and (3) various public officials of such counties and cities. The plaintiffs seek to enjoin further support of the planning commission by contributions of tax funds and a declaratory judgment that Tex.Rev.Civ.Stat.Ann. art. 1011m, the enabling legislation underlying the creation and operation of such commission, is unconstitutional. Defendants Randall County, Texas, a member county, and Randall County officials, County Judge Woody Pond and County Commissioners, J. I. Fletcher, John Fulgenzi, Dee Griffin and Paul Lindsey, relying on Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 19, duly filed their pleas of privilege to be sued in Randall County. The trial court overruled the defendants' pleas of privilege. Upon request, the trial court filed findings of fact and conclusions of law. Among other matters, the trial court concluded that venue was sustainable in Potter County under subdivisions 4 and 29a of article 1995. Reversed and rendered.

The appellants have predicated their appeal from the judgment overruling their pleas of privilege on three points of error. Basically, they contend that the provisions of subdivision 19 are mandatory and control the disposition of the venue question raised in this case and thus the trial court erred in sustaining venue in Potter County under subdivisions 4 and 29a, respectively.

Subdivisions 4, 19 and 29a of article 1995, the Texas venue statute, provide:

4. Defendants in different counties.— If two or more defendants reside in different counties, suit *may* be brought in any county where one of the defendants resides. . . .

\* \* \* \* \* \*

19. Suits against counties.—Suits against a county *shall* be brought within such county.

\* \* \* \* \* \*

29a. Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. (Emphasis added).

Initially, we note that the language of the above quoted provisions of subdivisions 4 and 29a is permissive in nature while that of subdivision 19 is mandatory. It is recognized that the permissive

provisions must yield to the mandatory provisions of the venue statute. *Langdeau v. Burke Inv. Co.,* 351 S.W.2d 287 (Tex.Civ. App.-San Antonio 1961); aff'd 163 Tex. 526, 358 S.W.2d 553; *Chain Inv. Co. v. First Nat'l Bank,* 135 S.W.2d 192 (Tex.Civ.App.-Austin 1939, no writ); *Fetherston v. State,* 146 S.W.2d 1078 (Tex.Civ.App.-Beaumont 1940, no writ); *Montague County v. Meadows,* 31 S.W. 694 (Tex.Civ.App.-1895, err. ref.). Further, it has been stated that "when an action is against a county the present venue provision (subd. 19) takes precedence over other *mandatory or permissive* exceptions found in Art. 1995." (emphasis added). 1 R. McDonald, Texas Civil Practice in District and County Courts (1965) § 4.27, at 511. Also, see *Hodges v. Coke County,* 196 S.W.2d 935; 197 S.W.2d 886 (Tex.Civ.App.-Amarillo 1946, no writ); *Dial v. Crosby County,* 96 S.W.2d 534 (Tex. Civ.App.-Amarillo 1936, no writ).

With further regard to the trial court's conclusion that venue was sustainable in Potter County under subdivision 29a, it has been held that subdivision 29a is ancillary to other exceptions and cannot, within its own terms, sustain venue; it can only be considered in conjunction with some other exception. See *Kain v. Northland Insurance Company,* 472 S.W.2d 304, 306 (Tex.Civ.App.-Amarillo 1971, no writ); *Shaver v. Hughes,* 214 S.W.2d 176 (Tex.Civ. App.-Fort Worth 1948, no writ); *White v. Gamblin,* 203 S.W.2d 1014 (Tex.Civ.App.-Eastland 1947, no writ). Additionally, subdivision 29a applies only when no defendant resides in the county where the suit is brought. *Tarrant v. Walker,* 140 Tex. 249, 166 S.W.2d 900 (1942); *Houseman v. Mahin,* 390 S.W.2d 732 (Tex.1965); *State Farm Mut. Auto Ins. Co. v. White,* 461 S.W.2d 476 (Tex.Civ.App.-Tyler 1970, no writ). The trial court found that one or more of the defendants in this suit are residents of Potter County, the county in which the suit was brought. Thus, the application of subdivision 29a is foreclosed. In order for subdivision 4 to be applicable, in any event, one of the defendants must be a resident of the county in which the suit is brought. Thus,

subdivision 29a could not in this instance operate in conjunction with subdivision 4.

After reviewing the pertinent provisions of the various exceptions to the venue statute, the pleadings, evidence and findings and conclusions by the court, we have determined that the basic matter to be decided is whether subdivision 19 controls the disposition of the venue question herein raised.

In the case of *City of Tahoka v. Jackson,* 115 Tex. 89, 276 S.W. 662, 663 (1925), it was held that Section 19 of art. 1830 (predecessor to article 1995) "expressly exempts counties * * * from all other exceptions enumerated in the article." In this connection this court in *Hodges v. Coke County,* supra, pointed out with respect to the holding in *City of Tahoka* that:

A careful analysis of the language used reveals that the court there holds that it was the intention of the Legislature to expressly exclude counties from the terms of the exceptions in the venue statutes and to fix venue in suits against a county exclusively under the provisions of Subdivision 19. 197 S.W.2d at 887.

In view of the foregoing and in the light of the mandatory language contained in subdivision 19, we hold that subdivision 19 prevails over subdivisions 4 and 29a and that Randall County's plea of privilege should be sustained. It is also our opinion that the Randall County officials' plea of privilege should be sustained. These officials were sued in their capacity as county officials and they are entitled to rely upon subdivision 19 to fix venue in Randall County as to the suit brought against them; suits against a County Judge and County Commissioners are suits against the county within the meaning of subdivision 19. *Cobb v. H. C. Burt & Co.,* 241 S.W. 185 (Tex.Civ. App.-Beaumont 1922, no writ).

The foregoing holdings preclude our reaching appellants' other contentions.

For the reasons above stated, the appellants' points of error are sustained. Accordingly, the judgment of the trial court is reversed and judgment rendered granting the defendants' pleas of privilege to be sued

in Randall County. The cause is ordered transferred to the District Court of Randall County, Texas in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.