James HARTMAN et al., Appellants,

v.

HARDIN MEMORIAL HOSPITAL et al., Appellees.

No. 8145.

Court of Civil Appeals of Texas, Beaumont.

June 22, 1978.

Harry S. Jones, Bellaire, for appellants.

Paul J. Holmes, James W. Mehaffy, Jr., Beaumont, for appellees.

CLAYTON, Justice.

Plaintiffs below brought this suit to recover damages from Hardin Memorial Hospital, Hardin County Hospital Authority, and the County of Hardin for an injury sustained by James Hartman, Jr., resulting from an injection administered by an employee of the hospital. Summary judgment was granted for defendants based on the doctrine of governmental immunity, and plaintiffs have appealed from such judgment.

By deposition testimony, the mother testified that her minor child, two years of age at the time of the incident about which complaint is made, had been taken into the defendant hospital on Sunday, April 30, 1972; that at such time the child had a throat infection and "had it since about eight months off and on." She had carried the child to the emergency room of the hospital and contacted the doctor who had been treating the child on previous occasions. Upon being asked if the child was "docile, sleepy or crying or how was the child behaving" she replied, "[H]e was fine. He may have had a little fever." She thought the child "had a virus and that is why I carried him over to her [the doctor]." She asked the doctor if she should "go ahead and contact the throat specialist for him to have his tonsils out. He had been sick quite a bit with them." The doctor apparently agreed and then prescribed an injection for the child at that time. The doctor then left, and a nurse came in and administered the injection. While giving this injection, the mother testified, that "she [the nurse] bent the needle off in his hip."

The summary judgment was granted by the trial court upon "finding that the defendant is a non-profit hospital district organized under the laws of the State of Texas, and, as such, is immune from liability in this case by virtue of the doctrine of governmental immunity . . .."

Plaintiff filed this suit under the provisions of the Texas Tort Claims Act, *Tex. Rev.Civ.Stat.Ann. art. 6252–19, § 3, et seq.* (1970), as amended (Supp.1978).

Plaintiffs have appealed the summary judgment on one point or error in which they contend that the Tort Claims Act waives governmental immunity in this case.

*Sec. 3* of the Tort Claims Act provides in part as follows:

"Each unit of government in the state shall be liable for . . . death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable . . . ."

The summary judgment proof in the record before us clearly shows the defendant hospital is a publicly owned hospital and that the waiver of governmental immunity provided by the Tort Claims Act applies to it. See *Overton Memorial Hospital v. McGuire,* 518 S.W.2d 528 (Tex.1975) (per curiam). The needle involved in our case is "tangible property" within the meaning of *Sec. 3* of the Act, and plaintiff has alleged an injury caused by the "condition or use" of such property. See *Lowe v. Texas Tech. University,* 540 S.W.2d 297 (Tex.1976); *Overton Memorial Hospital v. McGuire,* supra; *Mokry v. University of Texas Health Science Center,* 529 S.W.2d 802 (Tex.Civ. App.—Dallas 1975, writ ref'd n. r. e.).

Defendants' contention in their brief is that *Sec. 14(8)* of the Act provides an exception to the waiver of governmental immunity in the factual situation in this case. This section provides that the Act does not apply to:

"(8) Any claim arising out of the action of an officer, agent, or employee while responding to emergency calls or reacting to emergency situations when such action is in compliance with the laws and ordinances applicable to emergency action."

The facts stated above merely show that the nurse, whose acts give rise to plaintiffs' cause of action, administered an injection to the minor child. There are no facts in this record showing that an emergency existed or that such an injection was administered in an emergency situation. The mere fact that the injection was administered on a Sunday in the emergency room does not, of itself, establish that the same was done in an emergency situation. The facts of this record do not establish as a matter of law an emergency situation and do not show that the acts of the nurse were committed while "reacting to emergency situations" within the meaning of *Sec. 14(8)* of the Tort Claims Act.

The trial court's action in granting defendants' motion for summary judgment was in error, and the judgment is reversed, and the case is remanded for a trial upon its merits.

REVERSED and REMANDED.