**Juan D. SHARPE, Appellant,**

v.

**MEMORIAL HOSPITAL OF GALVESTON COUNTY,**
Appellee.

**No. 01–86–00929–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 17, 1987.

Bill J. Sanders, Sanders & Sanders, Beaumont, for appellant.

Scott Lyford, County Legal Dept., Galveston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

WARREN, Justice.

Appellant sued appellee, a county hospital, under Tex.Civ.Prac. & Rem.Code Ann. chapter 101 (Vernon 1986), the Texas Tort Claims Act. Appellee filed a plea to the jurisdiction, claiming that its governmental immunity was not subject to the limited waivers of the Texas Tort Claims Act because it was not a "governmental unit," as that term is defined in § 101.001(2)(B) of the Act. It did not file a verified plea, pursuant to Tex.R.Civ.P. 93, alleging a lack of capacity to be sued or a defect in the parties. The trial court granted appellee's plea to the jurisdiction and dismissed the suit.

Section 101.001(2)(B) of the Texas Tort Claims Act defines a "governmental unit" as:

A political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, and river authority.

Appellee contends that a county hospital is not a governmental unit under § 101.001(2)(B), because the definition includes only state subdivisions, and appellee is a county subdivision. We find no authority that recognizes such a distinction.

However, we need not decide whether appellee is a governmental unit under § 101.001(2)(B), because § 101.001(2)(C) clearly includes a county hospital within the meaning of "governmental unit." Section 101.001(2)(C) is a broad, "catch-all" definition of "governmental unit," which includes, "any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution."

Articles 4478–4494, Tex.Rev.Civ.Stat.Ann. (Vernon 1984), provide for the creation and operation of county hospitals. Therefore, appellee, a county hospital, is a governmental unit.

There is ample authority to support the conclusion that a county hospital is a governmental unit subject to the Texas Tort Claims Act. In *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30 (Tex.1983), the Texas Supreme Court held that the El Paso Hospital District was a political subdivision of the State and subject to the Texas Tort Claims Act. In *Overton Memorial Hospital v. McGuire*, 518 S.W.2d 528 (Tex.1975), the court held that a municipal hospital was subject to the Act. Also, in *Hartman v. Hardin Memorial Hospital*, 587 S.W.2d 55 (Tex.Civ.App.—Beaumont 1978, no writ), the court held that the waiver of governmental immunity applied to a county hospital.

We have found no authority supporting appellee's position. The cases it cites are either pre-Texas Tort Claims Act, or involve claimants who failed to bring themselves within § 101.021 of the Act.

The order of the trial court dismissing appellant's cause of action is reversed, and the cause is remanded.