McIntosh v. Copeland & Alexander 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-671-CV





DARRELL AND BETTY MCINTOSH, AS NEXT FRIENDS OF 


SCOTT BRADLEY MCINTOSH, A MINOR,



 
 APPELLANTS


vs.





KEITH COPELAND, C.R.N.A. AND JAMES ALEXANDER, PH.D., 




 APPELLEES



 




FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT



NO. 9851, HONORABLE D. V. HAMMOND, JUDGE PRESIDING



 




 Appellants Darrell and Betty McIntosh, as next friends of their minor son, Scott
McIntosh, sued Keith Copeland and James Alexander, appellees, alleging medical malpractice and
negligence in the obstetric care and delivery services provided to Betty McIntosh and Scott, her
newborn son. The Travis County district court transferred venue to Llano County. The Llano
County district court subsequently granted summary judgment that the McIntoshes take nothing. 
On appeal, the McIntoshes complain of both the summary judgment and the transfer of venue. 
Finding merit in the venue challenge, we will reverse and remand.


FACTUAL AND PROCEDURAL BACKGROUND


 The McIntoshes filed this suit in Travis County district court naming a total of five
original defendants: Copeland, a Certified Registered Nurse Anesthetist ("C.R.N.A."); Alexander,
the administrator of Llano County Memorial Hospital ("the Hospital"); and three physicians. The
McIntoshes maintained that venue was proper in Travis County because one of the defendant
physicians resided in Travis County. The McIntoshes eventually settled with the three physicians,
and the district court rendered an agreed final judgment as to those defendants.

 The remaining portion of the lawsuit involved allegations against Copeland and
Alexander ("Defendants"). The McIntoshes alleged that Copeland was negligent in failing to
properly carry out his responsibilities as a C.R.N.A., causing injuries to Scott. As to Alexander,
the McIntoshes alleged that he was "negligent in failing to correct the known problem of lack of
anesthesia coverage for Llano Memorial Hospital for obstetric and emergency cases." 
Additionally, they alleged that Alexander was negligent in allowing one of the physicians to
"practice medicine while impaired."

 Along with their answers to the petition, Defendants filed motions to transfer venue
to Llano County. They also filed third-party actions against the Hospital for contribution and
indemnity. The Hospital likewise moved to transfer venue to Llano County. Following a
hearing, the district court granted the motions and ordered the case transferred to Llano County. 
After the cause was transferred, the McIntoshes amended their petition, asserting a claim against
the Hospital. In Llano County district court, Defendants successfully moved for summary
judgment. After nonsuiting the Hospital, the McIntoshes then brought this appeal challenging the
transfer-of-venue order and the summary judgment.


THE VENUE CHALLENGE


 The McIntoshes' venue challenge is simple. They argue that venue was proper in
Travis County based on the residence of one of the defendants; therefore, venue was proper in
Travis County as to all the co-defendants. Tex. Civ. Prac. & Rem. Code Ann. §§ 15.001, .061
(West 1986). On the strength of the supreme court's recent decision in Wilson v. Texas Parks &
Wildlife Department, 886 S.W.2d 259 (Tex. 1994), the McIntoshes contend that they had the right
to select any county of proper venue, that Travis County was such a county, and that the trial
court therefore erred in transferring the case. Wilson, 886 S.W.2d at 261.

 Although Defendants recognize the McIntoshes' right to select between counties
of permissive venue, they argue that Llano County was a county of mandatory venue, thus
requiring transfer. They advance three reasons why venue was mandatory in Llano County: (1)
the suit against the administrator of the Hospital was really a suit against the county itself, fixing
venue in Llano County under section 15.015 of the Texas Civil Practice and Remedies Code; (1) (2)
Defendants' third-party claims against the Hospital for contribution and indemnity fixed venue in
Llano County under section 15.015; and (3) the McIntoshes' voluntary addition of the Hospital
as a defendant after the suit was transferred to Llano County placed venue in the county under
section 15.015. All parties agree that unless venue was mandatory in Llano County under one
of these rationales, the venue transfer was erroneous. We examine each in turn.


A.  SUIT AGAINST COUNTY HOSPITAL ADMINISTRATOR

 The McIntoshes' original petition alleged that Alexander was negligent in "failing
to correct the known problem of lack of anesthesia coverage" at the Hospital and in letting a
physician "practice medicine while impaired." This claim is against Alexander individually for
his negligent acts committed in the scope of his employment. (2) It is well settled that an employee
may be personally liable for tortious acts that he directs or participates in during his employment. 
Leyendecker & Assocs., Inc. v. Wechter, 683 S.W.2d 369, 375 (Tex. 1984); Leitch v. Hornsby,
885 S.W.2d 243, 249 (Tex. App.San Antonio 1994, no writ h.); Shearson Lehman Hutton, Inc.
v. Tucker, 806 S.W.2d 914, 927 (Tex. App.Corpus Christi 1991, writ dism'd w.o.j.); see also
Light v. Wilson, 663 S.W.2d 813, 815 (Tex. 1983) (Spears, J., concurring). The McIntoshes
were free to sue the employee Alexander, the employer Hospital, or both. In control of their own
litigation, the McIntoshes chose to sue only Alexander.

 Because Alexander was a county hospital administrator, however, Defendants
contend that this suit against him is actually a suit against a county official in his official capacity,
which must be considered as a suit against the county for venue purposes. Their authority for this
proposition is Cobb v. H.C. Burt & Co., 241 S.W. 185 (Tex. Civ. App.--Beaumont 1922, no
writ), and Randall County v. Todd, 542 S.W.2d 236 (Tex. Civ. App.Amarillo 1976, no writ). 
Both are easily distinguishable from the present case. 

 Cobb was a breach-of-contract case in which the petition alleged that the plaintiff
"entered into a contract with Gaines County, Tex., through said county judge and commissioners'
court," for the construction of a courthouse and jail. 241 S.W. at 186 (emphasis added). The
court held that, given this language, the county judge and commissioners were not being sued in
their individual capacities, but in their official capacities. Id. at 190. For venue purposes,
therefore, the suit was one against the county. Id. Similarly, in Randall County the plaintiff sued
the county, county judge, and commissioners to enjoin support for a regional planning
commission. 542 S.W.2d at 237. Relying solely on Cobb, the court held that a suit against the
county judge and commissioners in their official capacities was a suit against the county. Id. at
238. 

 Cobb and Randall County do not stand for the general proposition that all suits
against county officials are suits against the county itself. Their holdings are specifically limited
to county judges and commissioners sued in their official capacities. The present suit is
fundamentally different. Unlike Cobb and Randall County, where it was clear that the county
judges and commissioners were sued in their official capacities, the allegation in this case is that
Alexander committed tortious acts for which the McIntoshes seek to hold him individually liable. 
Alexander is not being sued in his official capacity as were the defendants in Cobb and Randall
County. Given this major distinction, Cobb and Randall County are not controlling. (3)

 We hold that a tort action against a county hospital administrator in his individual
capacity is not an action against the county for venue purposes. Thus, the McIntoshes' claim
against Alexander in his individual capacity, for his own negligent acts committed in the scope
of his employment, is simply not a suit against Llano County. Consequently, section 15.015,
fixing mandatory venue in actions against a county, does not apply.


B.  THIRD-PARTY CLAIMS

 The second rationale offered for mandatory venue concerns Defendants' third-party
claims against the Hospital for contribution and indemnity filed when the suit was still in Travis
County district court. Defendants argue that since these third-party claims were filed against the
county hospital, the mandatory venue requirement of section 15.015 applies, trumping all other
venue provisions. (4) We disagree.

 Section 15.062 provides that "[v]enue of the main action shall establish venue of
a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil
Procedure." Tex. Civ. Prac. & Rem. Code Ann. § 15.062 (West 1986) (emphasis added). The
plain language of this provision requires that the main action between plaintiffs and defendants
establishes venue, not third-party actions. See Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245,
247 n.1 (Tex. 1988). Claims for contribution and indemnity simply do not control venue over
the primary action. See Arthur Bros., Inc. v. U.M.C., Inc., 647 S.W.2d 244, 245 (Tex. 1982);
State Dep't of Highways & Pub. Transp. v. Hardy, 607 S.W.2d 611, 614 (Tex. Civ. App.--Tyler
1980, writ dism'd). To allow Defendants' third-party claim to fix venue for the main action not
only would run afoul of the direct mandate of section 15.062, but also would eviscerate the
McIntoshes' right to choose a county of proper venue.


C.  POST-TRANSFER ADDITION OF HOSPITAL AS PARTY

 After the Travis County district court transferred venue to Llano County, the
McIntoshes amended their petition to include a claim against the Hospital directly. Defendants
maintain that when the McIntoshes made the Hospital a party defendant in this post-transfer
amended petition, venue became mandatory in Llano County. Their sole basis for this argument
is the statutory requirement that this Court must determine whether venue is proper based on the
entire record, including the trial on the merits. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b)
(West 1986).

 Our review of venue appeals is indeed governed by the unique language of section
15.064(b). (5)
 This review of the entire record is intended to strike a balance between preserving
the plaintiff's right to select and maintain suit in a county of proper venue and protecting the
defendant against "fraud or inaccuracy at the pleading stage." Wilson, 886 S.W.2d at 262; see
Dan R. Price, New Texas Venue Statute: Legislative History, 15 St. Mary's L.J. 855, 877-79
(1984). The whole thrust of this thorough review is to determine whether venue was or was not
"proper." However, as the supreme court stated in Wilson, "if the plaintiff chooses a county of
proper venue . . . no other county can be a proper venue in that case." 886 S.W.2d at 261
(emphasis added).

 Venue selection presupposes that parties have choices and preferences about where
a suit should be tried. While venue may be appropriate in many counties, the "plaintiff is given
the first choice in the filing of the lawsuit." Id. at 260. It is not the purpose of section 15.064(b)
to keep a party from structuring its lawsuit to seek the most advantageous forumthat is no wrong
at all. Maranatha Temple, Inc. v. Enterprise Prods. Co., 833 S.W.2d 736, 741 (Tex.
App.Houston [1st Dist.] 1992, writ denied). Rather, the complete review is designed to prevent
a party from knowingly arguing invalid grounds to the trial court. Consequently, when we
conduct our section 15.064(b) review we do consider evidence in the record adduced after venue
was decided, but only to determine if this evidence "destroys the prima facie proof on which the
trial court relied." Ruiz v. Conoco, Inc., 868 S.W.2d 752, 757 (Tex. 1993). 

 In the present case, a review of the complete record reveals that, based on the
residence of one of the defendants, venue was proper in Travis County when the suit was
originally filed there. There was no attempt to fraudulently place venue in Travis County. 
Instead, the McIntoshes made a conscious decision to pursue a lawsuit in the forum of their choice
against the defendants of their choice. Only after the trial court erroneously deprived them of this
right did they add the Hospital as a defendant. The fact that the McIntoshes attempted to adapt
to the erroneous venue change should not legitimize the initial error or waive their right to
complain of it on appeal. Cf. Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 4 (Tex. 1986) (after
erroneous admission of Mary Carter agreement, party is "not required to sit idly by" but may
defend itself by explaining, rebutting, or demonstrating untruthfulness of objectionable evidence);
State v. Chavers, 454 S.W.2d 395, 398 (Tex. 1970) ("If incompetent evidence is admitted over
proper objection, the objecting party is not left to suffer injury in the instant trial and take his
chances on appeal and retrial.").

 Since venue was proper in Travis County when the McIntoshes filed suit, it was
reversible error to transfer the case to Llano County. A holding that the post-transfer addition
of the Hospital fixed mandatory venue in Llano County would defeat the guiding principle of
Wilson that the plaintiff has a right to chose a proper forum. We conclude that the McIntoshes'
addition of the county hospital as a party, after suit was erroneously transferred, neither
transformed an originally proper venue into an improper one nor precluded them from challenging
the improper transfer.

 In sum, none of the reasons offered by Defendants fixed mandatory venue in Llano
County. A review of the entire record reveals that venue was proper in Travis County. Because
the McIntoshes filed suit in a county of proper venue, it was reversible error to transfer venue,
even if Llano County would have been proper if originally chosen by the plaintiffs. Wilson, 886
S.W.2d at 261. We sustain the McIntoshes' first point of error. Because the transfer of venue
was erroneous, we remand the cause to the district court without addressing the merits of the
summary-judgment issues. See Tex. Civ. Prac. Rem. Code Ann. § 15.064(b) (West 1986).



CONCLUSION


 We conclude that the district court erred in transferring venue from Travis County,
a county of proper venue, to Llano County. Accordingly, we reverse the trial court's judgment
and remand the cause to Llano County district court with instructions to transfer the cause back
to Travis County for further proceedings.



 J. Woodfin Jones, Justice

Before Justices Aboussie, Jones, and Kidd

Reversed and Remanded with Instructions

Filed: February 1, 1995

Publish

1.   Section 15.015 provides: "An action against a county shall be brought in that
county." Tex. Civ. Prac. & Rem. Code Ann. §  15.015 (West 1986).
2.   It is undisputed that Alexander was acting in the scope of his employment. In their
responses to Alexander's request for admissions, the McIntoshes admit that at all
material times Alexander was an employee of the Hospital and that their claims are based
on his acts committed as an employee of the Hospital, not on acts done outside the scope
of his agency or employment.
3.   Furthermore, the role of a county hospital administrator, if a county official at all,
is dissimilar from that of a county judge or commissioner. The county commissioners
court, comprised of the county judge and county commissioners, is the governing body of
the county. Tex. Const. art. V, § 18; Interpretive Commentary, Tex. Const. art. V, § 18
(West 1993). In contrast, a county hospital administrator is involved in supervising the
medical affairs of a hospital that happens to be owned by a county.
4.   Defendants assume that a suit against a county hospital is a suit against the county
for venue purposes. They have cited no authority for this proposition. While a county
hospital may come within the definition of a "governmental unit" under the Texas Tort
Claims Act, see Sharpe v. Memorial Hospital, 743 S.W.2d 717, 718 (Tex. App.Houston
[1st Dist.] 1987, no writ), it does not necessarily follow that suing a county hospital meets the
mandatory venue requirements of section 15.015. This is especially true given that we strictly
construe mandatory venue provisions. Maranatha Temple, Inc. v. Enterprise Prods. Co., 833
S.W.2d 736, 739 (Tex. App.Houston [1st Dist.] 1992, writ denied). For purposes of the
appeal, however, we will assume without deciding that a suit against a county hospital is an
action against a county under section 15.015.
5.   The standard of review is: "On appeal from the trial on the merits, if venue was
improper it shall in no event be harmless error and shall be reversible error. In
determining whether venue was or was not proper, the appellate court shall consider the
entire record, including the trial on the merits." Tex. Civ. Prac. & Rem. Code Ann.
§ 15.064(b) (West 1986).