**Darrell and Betty McINTOSH, as Next Friends of Scott Bradley McINTOSH, a Minor, Appellants,**

v.

**Keith COPELAND, C.R.N.A. and James Alexander, PH.D., Appellees.**

No. 3–93–671–CV.

Court of Appeals of Texas, Austin.

Feb. 1, 1995.

Rehearing Overruled March 8, 1995.

Paula Sweeney, Misko Howie & Sweeney, Dallas, for appellants.

Missy K. Atwood, Brown McCarroll & Oaks Hartline, Austin, for Keith Copeland, C.R.N.A.

John C. Wilson, Wilson Grosenheider & Burns, Austin, for James Alexander, Ph.D.

Before ABOUSSIE, JONES and KIDD, JJ.

JONES, Justice.

Appellants Darrell and Betty McIntosh, as next friends of their minor son, Scott McIntosh, sued Keith Copeland and James Alexander, appellees, alleging medical malpractice and negligence in the obstetric care and delivery services provided to Betty McIntosh and Scott, her newborn son. The Travis County district court transferred venue to Llano County. The Llano County district court subsequently granted summary judgment that the McIntoshes take nothing. On appeal, the McIntoshes complain of both the summary judgment and the transfer of venue. Finding merit in the venue challenge, we will reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

The McIntoshes filed this suit in Travis County district court naming a total of five original defendants: Copeland, a Certified Registered Nurse Anesthetist ("C.R.N.A."); Alexander, the administrator of Llano County Memorial Hospital ("the Hospital"); and three physicians. The McIntoshes maintained that venue was proper in Travis County because one of the defendant physicians resided in Travis County. The McIntoshes eventually settled with the three physicians, and the district court rendered an agreed final judgment as to those defendants.

The remaining portion of the lawsuit involved allegations against Copeland and Alexander ("Defendants"). The McIntoshes alleged that Copeland was negligent in failing to properly carry out his responsibilities as a C.R.N.A., causing injuries to Scott. As to Alexander, the McIntoshes alleged that he was "negligent in failing to correct the known problem of lack of anesthesia coverage for Llano Memorial Hospital for obstetric and emergency cases." Additionally, they alleged that Alexander was negligent in allowing one of the physicians to "practice medicine while impaired."

Along with their answers to the petition, Defendants filed motions to transfer venue to Llano County. They also filed third-party actions against the Hospital for contribution and indemnity. The Hospital likewise moved to transfer venue to Llano County. Following a hearing, the district court granted the motions and ordered the case transferred to Llano County. After the cause was transferred, the McIntoshes amended their petition, asserting a claim against the Hospital. In Llano County district court, Defendants successfully moved for summary judgment. After nonsuiting the Hospital, the McIntoshes then brought this appeal challenging the transfer-of-venue order and the summary judgment.

## THE VENUE CHALLENGE

The McIntoshes' venue challenge is simple. They argue that venue was proper in Travis County based on the residence of one of the defendants; therefore, venue was proper in Travis County as to all the co-defendants. Tex.Civ.Prac. & Rem.Code Ann. §§ 15.001, .061 (West 1986). On the strength of the supreme court's recent decision in *Wilson v. Texas Parks & Wildlife Department,* 886 S.W.2d 259 (Tex.1994), the McIntoshes contend that they had the right to select any county of proper venue, that Travis County was such a county, and that the trial court therefore erred in transferring the case. *Wilson,* 886 S.W.2d at 261.

Although Defendants recognize the McIntoshes' right to select between counties of permissive venue, they argue that Llano County was a county of *mandatory* venue, thus requiring transfer. They advance three reasons why venue was mandatory in Llano County: (1) the suit against the administrator of the Hospital was really a suit against the county itself, fixing venue in Llano County under section 15.015 of the Texas Civil Practice and Remedies Code;[1] (2) Defendants' third-party claims against the Hospital for contribution and indemnity fixed venue in Llano County under section 15.015; and (3) the McIntoshes' voluntary addition of the Hospital as a defendant after the suit was

---

1. Section 15.015 provides: "An action against a county shall be brought in that county." Tex. Civ.Prac. & Rem.Code Ann. § 15.015 (West 1986).

transferred to Llano County placed venue in the county under section 15.015. All parties agree that unless venue was mandatory in Llano County under one of these rationales, the venue transfer was erroneous. We examine each in turn.

## A. SUIT AGAINST COUNTY HOSPITAL ADMINISTRATOR

■ The McIntoshes' original petition alleged that Alexander was negligent in "failing to correct the known problem of lack of anesthesia coverage" at the Hospital and in letting a physician "practice medicine while impaired." This claim is against Alexander individually for his negligent acts committed in the scope of his employment.[2] It is well settled that an employee may be personally liable for tortious acts that he directs or participates in during his employment. *Leyendecker & Assocs., Inc. v. Wechter,* 683 S.W.2d 369, 375 (Tex.1984); *Leitch v. Hornsby,* 885 S.W.2d 243, 249 (Tex.App.—San Antonio 1994, writ requested); *Shearson Lehman Hutton, Inc. v. Tucker,* 806 S.W.2d 914, 927 (Tex.App.—Corpus Christi 1991, writ dism'd w.o.j.); *see also Light v. Wilson,* 663 S.W.2d 813, 815 (Tex.1983) (Spears, J., concurring). The McIntoshes were free to sue the employee Alexander, the employer Hospital, or both. In control of their own litigation, the McIntoshes chose to sue only Alexander.

Because Alexander was a county hospital administrator, however, Defendants contend that this suit against him is actually a suit against a county official in his official capacity, which must be considered as a suit against the county for venue purposes. Their authority for this proposition is *Cobb v. H.C. Burt & Co.,* 241 S.W. 185 (Tex.Civ. App.—Beaumont 1922, no writ), and *Randall County v. Todd,* 542 S.W.2d 236 (Tex.Civ.

App.—Amarillo 1976, no writ). Both are easily distinguishable from the present case.

*Cobb* was a breach-of-contract case in which the petition alleged that the plaintiff "entered into a contract *with Gaines County, Tex., through said county judge and commissioners' court,*" for the construction of a courthouse and jail. 241 S.W. at 186 (emphasis added). The court held that, given this language, the county judge and commissioners were not being sued in their individual capacities, but in their official capacities. *Id.* at 190. For venue purposes, therefore, the suit was one against the county. *Id.* Similarly, in *Randall County* the plaintiff sued the county, county judge, and commissioners to enjoin support for a regional planning commission. 542 S.W.2d at 237. Relying solely on *Cobb,* the court held that a suit against the county judge and commissioners in their official capacities was a suit against the county. *Id.* at 238.

■ *Cobb* and *Randall County* do not stand for the general proposition that all suits against county officials are suits against the county itself. Their holdings are specifically limited to county judges and commissioners sued *in their official capacities.* The present suit is fundamentally different. Unlike *Cobb* and *Randall County,* where it was clear that the county judges and commissioners were sued in their official capacities, the allegation in this case is that Alexander committed tortious acts for which the McIntoshes seek to hold him *individually* liable. Alexander is not being sued in his official capacity as were the defendants in *Cobb* and *Randall County.* Given this major distinction, *Cobb* and *Randall County* are not controlling.[3]

■ We hold that a tort action against a county hospital administrator in his individu-

---

**2.** It is undisputed that Alexander was acting in the scope of his employment. In their responses to Alexander's request for admissions, the McIntoshes admit that at all material times Alexander was an employee of the Hospital and that their claims are based on his acts committed as an employee of the Hospital, not on acts done outside the scope of his agency or employment.

**3.** Furthermore, the role of a county hospital administrator, if a county official at all, is dissimi-

lar from that of a county judge or commissioner. The county commissioners court, comprised of the county judge and county commissioners, is the governing body of the county. Tex. Const. art. V, § 18; *Interpretive Commentary,* Tex. Const. art. V, § 18 (West 1993). In contrast, a county hospital administrator is involved in supervising the medical affairs of a hospital that happens to be owned by a county.

al capacity is not an action against the county for venue purposes. Thus, the McIntoshes' claim against Alexander in his individual capacity, for his own negligent acts committed in the scope of his employment, is simply not a suit against Llano County. Consequently, section 15.015, fixing mandatory venue in actions against a county, does not apply.

## B. THIRD–PARTY CLAIMS

The second rationale offered for mandatory venue concerns Defendants' third-party claims against the Hospital for contribution and indemnity filed when the suit was still in Travis County district court. Defendants argue that since these third-party claims were filed against the county hospital, the mandatory venue requirement of section 15.015 applies, trumping all other venue provisions.[4] We disagree.

Section 15.062 provides that "[v]enue of the *main action shall establish venue* of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure." Tex.Civ.Prac. & Rem. Code Ann. § 15.062 (West 1986) (emphasis added). The plain language of this provision requires that the main action between plaintiffs and defendants establishes venue, not third-party actions. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 n. 1 (Tex. 1988). Claims for contribution and indemnity simply do not control venue over the primary action. *See Arthur Bros., Inc. v. U.M.C., Inc.*, 647 S.W.2d 244, 245 (Tex.1982); *State Dep't of Highways & Pub. Transp. v. Hardy*, 607 S.W.2d 611, 614 (Tex.Civ.App.— Tyler 1980, writ dism'd). To allow Defendants' third-party claim to fix venue for the main action not only would run afoul of the direct mandate of section 15.062, but also would eviscerate the McIntoshes' right to choose a county of proper venue.

## C. POST–TRANSFER ADDITION OF HOSPITAL AS PARTY

After the Travis County district court transferred venue to Llano County, the McIntoshes amended their petition to include a claim against the Hospital directly. Defendants maintain that when the McIntoshes made the Hospital a party defendant in this post-transfer amended petition, venue became mandatory in Llano County. Their sole basis for this argument is the statutory requirement that this Court must determine whether venue is proper based on the entire record, including the trial on the merits. Tex.Civ.Prac. & Rem.Code Ann. § 15.064(b) (West 1986).

Our review of venue appeals is indeed governed by the unique language of section 15.064(b).[5] This review of the entire record is intended to strike a balance between preserving the plaintiff's right to select and maintain suit in a county of proper venue and protecting the defendant against "fraud or inaccuracy at the pleading stage." *Wilson*, 886 S.W.2d at 262; *see* Dan R. Price, *New Texas Venue Statute: Legislative History*, 15 St. Mary's L.J. 855, 877–79 (1984). The whole thrust of this thorough review is to determine whether venue was or was not "proper." However, as the supreme court stated in *Wilson*, "if the plaintiff chooses a county of proper venue ... *no other county can be a proper venue* in that case." 886 S.W.2d at 261 (emphasis added).

Venue selection presupposes that parties have choices and preferences about

---

4. Defendants assume that a suit against a county hospital is a suit against the county for venue purposes. They have cited no authority for this proposition. While a county hospital may come within the definition of a *"governmental unit"* under the Texas Tort Claims Act, see *Sharpe v. Memorial Hospital*, 743 S.W.2d 717, 718 (Tex. App.—Houston [1st Dist.] 1987, no writ), it does not necessarily follow that suing a county hospital meets the mandatory venue requirements of section 15.015. This is especially true given that we strictly construe mandatory venue provisions. *Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 833 S.W.2d 736, 739 (Tex.App.—Houston [1st

Dist.] 1992, writ denied). For purposes of the appeal, however, we will assume without deciding that a suit against a county hospital is an action against a county under section 15.015.

5. The standard of review is: "On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." Tex.Civ.Prac. & Rem.Code Ann. § 15.064(b) (West 1986).

where a suit should be tried. While venue may be appropriate in many counties, the "plaintiff is given the first choice in the filing of the lawsuit." *Id.* at 260. It is not the purpose of section 15.064(b) to keep a party from structuring its lawsuit to seek the most advantageous forum—that is no wrong at all. *Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 833 S.W.2d 736, 741 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Rather, the complete review is designed to prevent a party from knowingly arguing invalid grounds to the trial court. Consequently, when we conduct our section 15.064(b) review we do consider evidence in the record adduced after venue was decided, but only to determine if this evidence "destroys the prima facie proof on which the trial court relied." *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex.1993).

■■■ In the present case, a review of the complete record reveals that, based on the residence of one of the defendants, venue was proper in Travis County when the suit was originally filed there. There was no attempt to fraudulently place venue in Travis County. Instead, the McIntoshes made a conscious decision to pursue a lawsuit in the forum of their choice against the defendants of their choice. Only after the trial court erroneously deprived them of this right did they add the Hospital as a defendant. The fact that the McIntoshes attempted to adapt to the erroneous venue change should not legitimize the initial error or waive their right to complain of it on appeal. *Cf. Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 4 (Tex.1986) (after erroneous admission of Mary Carter agreement, party is "not required to sit idly by" but may defend itself by explaining, rebutting, or demonstrating untruthfulness of objectionable evidence); *State v. Chavers*, 454 S.W.2d 395, 398 (Tex. 1970) ("If incompetent evidence is admitted over proper objection, the objecting party is not left to suffer injury in the instant trial and take his chances on appeal and retrial.").

Since venue was proper in Travis County when the McIntoshes filed suit, it was reversible error to transfer the case to Llano County. A holding that the post-transfer addition of the Hospital fixed mandatory venue in Llano County would defeat the guiding principle of *Wilson* that the plaintiff has a right to chose a proper forum. We conclude that the McIntoshes' addition of the county hospital as a party, after suit was erroneously transferred, neither transformed an originally proper venue into an improper one nor precluded them from challenging the improper transfer.

■■■ In sum, none of the reasons offered by Defendants fixed mandatory venue in Llano County. A review of the entire record reveals that venue was proper in Travis County. Because the McIntoshes filed suit in a county of proper venue, it was reversible error to transfer venue, even if Llano County would have been proper if originally chosen by the plaintiffs. *Wilson*, 886 S.W.2d at 261. We sustain the McIntoshes' first point of error. Because the transfer of venue was erroneous, we remand the cause to the district court without addressing the merits of the summary-judgment issues. *See* Tex.Civ. Prac.Rem.Code Ann. § 15.064(b) (West 1986).

## CONCLUSION

We conclude that the district court erred in transferring venue from Travis County, a county of proper venue, to Llano County. Accordingly, we reverse the trial court's judgment and remand the cause to Llano County district court with instructions to transfer the cause back to Travis County for further proceedings.