**In re COUNTY OF GALVESTON, Texas, Relator.**

No. 14–06–00626–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 21, 2006.

---

**4.** *See* TEX.R.APP. P. 2, 38.1(e), 38.9.

Donald S. Glywasky, Galveston, for appellants.

Eric G. Carter, Jeffrey A. Davis, Linda P. Wills, Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

On July 19, 2006, relator, the County of Galveston, Texas ("County"), filed a petition for writ of mandamus in this court, seeking an order compelling respondent, the Honorable Patricia Hancock, presiding judge of the 113th District Court, Harris County, to transfer the underlying suit to Galveston County pursuant to a mandatory venue provision.[1] For the reasons set forth below, we deny the County's petition for mandamus.

## BACKGROUND

In the underlying suit, real party Ambulatory Infusion Therapy Specialist, Inc. ("AITS") filed breach-of-contract, promissory estoppel, and negligent misrepresentation claims against HGHAS, Inc., formerly known as Health Administration Services, Inc., in the Harris County court, seeking payment for services rendered to an employee of the County.[2] In its petition, AITS alleged that the dispute between the parties arose "not as a result of an insurance contract between Defendants and their insured, but as a result of Defendants' independent promise to Plaintiff for payment for medical services provided to Defendants' insured." AITS stated that venue was proper in Harris County under section 15.002(a)(1) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac.

---

1. The County also filed a motion for emergency relief which this court previously denied.

2. AITS also filed claims against Unicare Life and Health Insurance; that entity is not a party to this mandamus proceeding.

& Rem.Code Ann. § 15.002(a)(1) (Vernon 2002) (providing that lawsuits shall be brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred).

HGHAS is a third-party administrator for the self-funded health insurance plan that the County provides as a benefit to its employees. HGHAS filed a third party petition against the County and the County's health plan, alleging that pursuant to its contract with the County, it has "no responsibility, risk, or liability" for the failure of the Plan to pay benefits to a participant. The County then filed a motion to transfer venue of the suit to Galveston County pursuant to section 15.015 of the Civil Practice and Remedies Code, a mandatory venue provision. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.015 ("An action against a county shall be brought in that county."). The trial court denied the County's venue motion and this original proceeding ensued.

### Discussion

The County argues that, because mandatory venue provisions control over permissive provisions, venue in the underlying suit must be transferred to Galveston County under section 15.015. Contrarily, AITS argues that the trial court did not abuse its discretion because section 15.062(a) of the Civil Practice and Remedies Code provides that "[v]enue of the main action *shall* establish venue of a counterclaim, cross claim, or third-party claim properly joined" in the suit. *Id.* § 15.062(a) (emphasis added). AITS contends that the language in section 15.062(a) reflects the mandatory character of that venue provision, and case law supports application of section 15.062, irrespective of section 15.015. AITS argues further that section 15.015 expressly applies when there is "[a]n action against the

County," it did not file an action against the County, and, because the County is a third-party defendant in the suit, section 15.062(a) is the controlling venue provision.

In the trial court, the only argument made by the County was that venue is governed by section 15.015. Thus, the issue to be resolved in this proceeding is whether the suit must be transferred to Galveston County pursuant to section 15.015, a mandatory venue provision applicable to an action filed against a county, when that county is joined in the suit as a third-party defendant.

### A. Mandamus Standard

■ Section 15.0642 of the Civil Practice and Remedies Code provides that a party may apply for a writ of mandamus with an appellate court to enforce mandatory venue provisions. *See id.* § 15.0642; *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex.1999). The focus of a mandamus proceeding under section 15.0642 is whether the trial court abused its discretion; however, the trial court has no discretion in determining the legal principles controlling its ruling or in applying the law to the facts. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 216.

### B. Analysis

When construing a statute, we look to the plain and common meaning of the statute's terms. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). We read the statute as a whole and not just isolated portions. *Id.* "If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute." *Id.; see also* Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context and construed according

to the rules of grammar and common usage.").

■ Section 15.015 is a mandatory venue provision and, under the venue statutes, mandatory venue provisions control over permissive venue provisions. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.001 (Vernon 2002) (defining "proper venue" as that "required by the mandatory provisions of Subchapter B [here, section 15.015] or another statute prescribing mandatory venue"); *Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex.1996). However, section 15.062(a) expressly states that venue of the main action "shall" establish venue of a third-party claim. Tex. Civ. Prac. & Rem.Code Ann. § 15.062. Further, there is no express requirement in section 15.062(a) that venue be "proper" in the main action. *Compare* Tex. Civ. Prac. & Rem.Code Ann. § 15.062(a) *with* Tex. Civ. Prac. & Rem. Code Ann. § 15.005 ("In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences."). The only express requirement under section 15.062(a) is that the third-party claim be "properly joined," which is not contested here. *Id.* § 15.062(a). Consequently, giving effect to the plain language of both venue provisions involved, sections 15.015 and 15.062(a) apply to different circumstances and, when a third-party defendant is involved, section 15.062(a) dictates that venue is established by the main action. This interpretation not only gives effect to the plain language of both venue provisions, but it is also supported in the case law. *See, e.g., McIntosh v. Copeland*, 894 S.W.2d 60, 64 (Tex.App.-Austin 1995, writ

denied) (concluding that a third-party contribution and indemnity claim cannot establish venue for the main action).

In its reply, the County distinguishes *McIntosh v. Copeland* by claiming that section 15.062(b) was enacted by the legislature in response to that case. As the County interprets section 15.062(b), venue is proper over a third-party defendant only when the plaintiff could have sued that third-party defendant directly. Subsection (b) provides as follows:

> (b) If an original defendant properly joins a third-party defendant, venue shall be proper for a claim arising out of the same transaction, occurrence, or series of transactions or occurrences by the plaintiff against the third-party defendant if the claim arises out of the subject matter of the plaintiff's claim against the original defendant.

Tex. Civ. Prac. & Rem.Code Ann. § 15.062(b). The County does not cite to any authority to support its reading of the statute; however, the plain language of the subsection provides that, if a third-party defendant is properly joined, venue for the main action establishes venue for the plaintiff's "same-transaction" claims, assuming any are asserted, against that third-party defendant.[3] *See id.*

The County's argument in this case fails to give effect to section 15.062(a), and instead focuses only on section 15.015. If the County's argument is correct, section 15.062 is rendered meaningless whenever a mandatory provision becomes an issue through a third-party claim, even when the plaintiff does not assert any claims directly against the third party defendant.

### Conclusion

In conclusion, under the circumstances of this case, the trial court did not abuse

---

**3.** The other cases cited by the County are distinguishable because the defendants challenging venue were not third-party defendants.

its discretion by denying the County's venue motion. Accordingly, we deny relator's petition for writ of mandamus.