Petition for Writ of Mandamus Denied and Opinion filed December 21, 2006








Petition for Writ of
Mandamus Denied and Opinion filed December 21, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00626-CV

____________

 

IN RE COUNTY OF GALVESTON, TEXAS

 Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I
O N

On July
19, 2006, relator, the County of Galveston, Texas (ACounty@), filed a petition for writ of
mandamus in this court, seeking an order compelling respondent, the Honorable
Patricia Hancock, presiding judge of the 113th District Court, Harris County,
to transfer the underlying suit to Galveston County pursuant to a mandatory
venue provision.[1]  For the
reasons set forth below, we deny the County=s petition for mandamus.

Background









In the
underlying suit, real party Ambulatory Infusion Therapy Specialist, Inc. (AAITS@) filed breach-of-contract,
promissory estoppel, and negligent misrepresentation claims against HGHAS,
Inc., formerly known as Health Administration Services, Inc., in the Harris
County court, seeking payment for services rendered to an employee of the
County.[2]  In its
petition, AITS alleged that the dispute between the parties arose Anot as a result of an insurance
contract between Defendants and their insured, but as a result of Defendants= independent promise to Plaintiff for
payment for medical services provided to Defendants= insured.@  AITS stated that venue was proper
in Harris County under section 15.002(a)(1) of the Civil Practice and Remedies
Code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 15.002(a)(1) (Vernon 2002) 
(providing that lawsuits shall be brought in the county in which all or a
substantial part of the events or omissions giving rise to the claim occurred).


HGHAS is
a third-party administrator for the self-funded health insurance plan that the
County provides as a benefit to its employees.  HGHAS filed a third party
petition against the County and the County=s health plan, alleging that pursuant
to its contract with the County, it has Ano responsibility, risk, or liability@ for the failure of the Plan to pay
benefits to a participant.  The County then filed a motion to transfer venue of
the suit to Galveston County pursuant to section 15.015 of the Civil Practice
and Remedies Code, a mandatory venue provision.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 15.015 (AAn action against a county shall be brought in that county.@).  The trial court denied the County=s venue motion and this original
proceeding ensued.

Discussion








The
County argues that, because mandatory venue provisions control over permissive
provisions, venue in the underlying suit must be transferred to Galveston
County under section 15.015.  Contrarily, AITS argues that the trial court did
not abuse its discretion because section 15.062(a) of the Civil Practice and
Remedies Code provides that A[v]enue of the main action shall establish venue of a
counterclaim, cross claim, or third‑party claim properly joined@ in the suit.  Id. ' 15.062(a) (emphasis added).  AITS
contends that the language in section 15.062(a) reflects the mandatory
character of that venue provision, and case law supports application of section
15.062, irrespective of section 15.015.  AITS argues further that section
15.015 expressly applies when there is A[a]n action against the County,@ it did not file an action against
the County, and, because the County is a third-party defendant in the suit,
section 15.062(a) is the controlling venue provision. 

In the
trial court, the only argument made by the County was that venue is governed by
section 15.015.  Thus, the issue to be resolved in this proceeding is whether
the suit must be transferred to Galveston County pursuant to section 15.015, a
mandatory venue provision applicable to an action filed against a county, when
that county is joined in the suit as a third-party defendant.        

A.        Mandamus Standard 

Section
15.0642 of the Civil Practice and Remedies Code provides that a party may apply
for a writ of mandamus with an appellate court to enforce mandatory venue
provisions.  See id. ' 15.0642; In re Mo. Pac. R.R. Co., 998 S.W.2d 212, 216
(Tex. 1999).  The focus of a mandamus proceeding under section 15.0642 is
whether the trial court abused its discretion; however, the trial court has no
discretion in determining the legal principles controlling its ruling or in
applying the law to the facts.  In re Mo. Pac. R.R. Co., 998 S.W.2d at
216.  

B.        Analysis








When
construing a statute, we look to the plain and common meaning of the statute=s terms.  Tex. Dep=t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004). 
We read the statute as a whole and not just isolated portions.  Id.  AIf the statutory language is
unambiguous, we must interpret it according to its terms, giving meaning to the
language consistent with other provisions in the statute.@  Id.; see also Tex.
Gov=t Code Ann. ' 311.011(a) (Vernon 2005) (AWords and phrases shall be read in
context and construed according to the rules of grammar and common usage.@).

Section
15.015 is a mandatory venue provision and, under the venue statutes, mandatory
venue provisions control over permissive venue provisions.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 15.001 (Vernon 2002) (defining Aproper venue@ as that Arequired by the mandatory provisions
of Subchapter B [here, section 15.015] or another statute prescribing mandatory
venue@); Wichita County v. Hart, 917
S.W.2d 779, 781 (Tex. 1996).  However, section 15.062(a) expressly states that
venue of the main action Ashall@ establish venue of a third-party claim.  Tex. Civ. Prac.
& Rem. Code Ann. ' 15.062.  Further, there is no
express requirement in section 15.062(a) that venue be Aproper@ in the main action.  Compare Tex.
Civ. Prac. & Rem. Code Ann. ' 15.062(a) with Tex. Civ.
Prac. & Rem. Code Ann. ' 15.005 (AIn a suit in which the plaintiff has
established proper venue against a defendant, the court also has venue of all
the defendants in all claims or actions arising out of the same transaction,
occurrence, or series of transactions or occurrences.@).  The only express requirement
under section 15.062(a) is that the third-party claim be Aproperly joined,@ which is not contested here.  Id.
' 15.062(a).  Consequently, giving
effect to the plain language of both venue provisions involved, sections 15.015
and 15.062(a) apply to different circumstances and, when a third-party
defendant is involved, section 15.062(a) dictates that venue is established by
the main action.  This interpretation not only gives effect to the plain
language of both venue provisions, but it is also supported in the case law.  See,
e.g., McIntosh v. Copeland, 894 S.W.2d 60, 64 (Tex. App.CAustin 1995, writ denied) (concluding
that a third-party contribution and indemnity claim cannot establish venue for
the main action).

In its
reply, the County distinguishes McIntosh v. Copeland by claiming that
section 15.062(b) was enacted by the legislature in response to that case.  As
the County interprets section 15.062(b), venue is proper over a third-party
defendant only when the plaintiff could have sued that third-party defendant
directly.  Subsection (b) provides as follows:








(b) If an original defendant properly
joins a third‑party defendant, venue shall be proper for a claim arising
out of the same transaction, occurrence, or series of transactions or
occurrences by the plaintiff against the third‑party defendant if the
claim arises out of the subject matter of the plaintiff=s claim against the original
defendant.

Tex. Civ. Prac. &
Rem. Code Ann. ' 15.062(b).  The County does not cite to any authority to
support its reading of the statute; however, the plain language of the
subsection provides that, if a third-party defendant is properly joined, venue
for the main action establishes venue for the plaintiff=s Asame-transaction@ claims, assuming any are asserted,
against that third-party defendant.[3]  See id.
       

The
County=s argument in this case fails to give
effect to section 15.062(a), and instead focuses only on section 15.015.  If
the County=s argument is correct, section 15.062 is rendered meaningless whenever a
mandatory provision becomes an issue through a third-party claim, even when the
plaintiff does not assert any claims directly against the third party
defendant.   

Conclusion


In
conclusion, under the circumstances of this case, the trial court did not abuse
its discretion by denying the County=s venue motion.  Accordingly, we deny
relator=s petition for writ of mandamus.               

 

/s/        John
S. Anderson

Justice 

 

Petition Denied and Opinion filed December 21, 2006.

Panel consists of Justices Anderson, Edelman, and
Frost.









[1]The County also filed a motion for emergency relief
which this court previously denied.  





[2]AITS also filed claims against Unicare Life and Health
Insurance; that entity is not a party to this mandamus proceeding.  





[3]The other cases cited by the County are
distinguishable because the defendants challenging venue were not third-party
defendants.