**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 4, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00131-CV

---

## IN RE GARY DON PERRYMAN, NANCY K. PERRYMAN, AND LEASHA PERRYMAN BOWDEN, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-27476**

---

### MEMORANDUM OPINION

On February 19, 2013, relators Gary Don Perryman, Nancy K. Perryman, and Leasha Perryman Bowden (collectively "the Perrymans") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Mike

Miller, presiding judge of the 11th District Court of Harris County, to vacate his ruling denying their motion to transfer venue. We deny mandamus relief.

BACKGROUND

Spartan Texas Six Capital Partners, Spartan Texas Six-Celina, and Dion Menser ("Plaintiffs") are the lessors under two oil and gas leases in Montague County ("the Spartan leases"). EOG Resources is the lessee of the Spartan leases. On May 5, 2011, Plaintiffs sued EOG for breach of contract alleging that EOG violated Plaintiffs' oil and gas leases by engaging in "improper pooling" despite the leases' express prohibition. Plaintiffs allege that EOG has obtained oil and gas production through horizontal wells from other leases and improperly paid royalties on production from horizontal wells that produce from the Spartan leases and from other leases. The breach-of-contract suit was filed in Harris County, where EOG has its principal place of business.

On May 21, 2012, EOG filed a counterclaim seeking a declaratory judgment "regarding the construction and effect of the Leases; regarding the rights, status and legal relationship among the EOG and Plaintiffs with regard to the Leases; and declaring the correct methodology for EOG to calculate and pay royalty to Plaintiffs under Plaintiffs' Leases." EOG alleged that a dispute arose as to how much of the royalty interest was owned by Plaintiffs and how much was owned by the Perrymans.

On October 16, 2012, EOG filed its first amended counterclaim and original third-party claim in which it alleged that the trial court "has jurisdiction over the claims in this pleading because they arise out of the same oil and gas lease that is

2

the subject of [Plaintiffs'] claims in chief." In its original third-party claim, EOG added the Perrymans as third-party defendants and requested a declaratory judgment declaring what portions of the royalty interest are owned by Plaintiffs and what portions are owned by the Perrymans. The Perrymans did not object to their joinder.

On November 27, 2012, the Perrymans filed a motion to transfer venue to Montague County, which is where the real property is located. The Perrymans alleged that the parties are "claiming title to an interest in real property located in Montague County, Texas." The Perrymans argue that because EOG's third-party claim involves a dispute regarding real property, venue is mandatory in the county where the real property is located. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.011.

## MANDAMUS STANDARD

Section 15.0642 of the Texas Civil Practice and Remedies Code, entitled "Mandamus," provides that a party may apply for a writ of mandamus with an appellate court to enforce mandatory venue provisions. In mandatory venue mandamus actions, we look only to whether the trial court clearly abused its discretion in ruling upon the motion. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006).

## ANALYSIS

The Perrymans contend that the trial court abused its discretion in denying their motion to transfer venue pursuant to a mandatory venue statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.011. Section 15.011, entitled "Land," provides:

3

Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Section 15.011 is a mandatory venue provision and, under the venue statutes, mandatory venue provisions control over permissive venue provisions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.001. If EOG had filed its suit as an original action, venue would be mandatory in Montague County. However, section 15.062(a), entitled "Counterclaims, Cross Claims, and Third-Party Claims," expressly provides that "[v]enue of the main action shall establish venue of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code Ann. § 15.062(a). The plain language of this provision requires that the main action between plaintiffs and defendants establishes venue, not third-party actions. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988); *In re County of Galveston*, 211 S.W.3d 879, 882 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *McIntosh as Next Friend of McIntosh v. Copeland*, 894 S.W.2d 60, 64 (Tex. App.—Austin 1995, writ denied).

The Perrymans argue, however, that section 15.062(b) controls venue in this case. Section 15.062(b) provides:

(b) If an original defendant properly joins a third-party defendant, venue shall be proper for a claim arising out of the same transaction, occurrence, or series of transactions or occurrences *by the plaintiff* against the third-party defendant if the claim arises out of the subject matter of the plaintiff's claim against the original defendant.

4

Tex. Civ. Prac. & Rem. Code Ann. § 15.062(b) (emphasis added).  The Perrymans argue that Plaintiffs' claims against EOG do not arise out of the same transaction as EOG's claims against the Perrymans.  They argue the facts giving rise to Plaintiffs' claims against EOG for breach of contract for alleged improper pooling are not logically related to EOG's claims to quiet title against the Perrymans.

However, whether Plaintiffs' claims against EOG arise out of the same transaction as EOG's claims against the Perrymans has no bearing on the trial court's venue decision in this case.  Section 15.062(b) applies to venue of claims made by the *plaintiff* against a third-party defendant after the third-party defendant has been properly joined by the defendant.  There are no such claims in this case. To allow a *defendant's* third-party claim to fix venue for the main action would "run afoul of the direct mandate of section 15.062[(a)]."  *McIntosh*, 894 S.W.2d at 64.  Therefore, section 15.062(b) does not apply, and the trial court did not abuse its discretion in denying the Perrymans' motion to transfer venue to Montague County.

The Perrymans have not established entitlement to the extraordinary relief of writ of mandamus.  Accordingly, we deny the petition for writ of mandamus.


PER CURIAM



Panel consists of Justices Frost, Brown, and Busby.

5