ACCEPTED
13-15-00357-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/9/2015 9:26:43 PM
Dorian E. Ramirez
CLERK

## NO. 13-15-00357-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/9/2015 9:26:43 PM
DORIAN E. RAMIREZ
Clerk

## IN THE THIRTEENTH COURT OF APPEALS
## CORPUS CHRISTI & EDINBURG, TEXAS

### YADIRA ADAME,
*Appellant*

### V.

### STATE FARM LLOYDS,
*Appellee*

### On Appeal from Trial Court Cause No. L-14-0185-CV-C
in the 343rd Judicial District Court of Live Oak County, Texas
Honorable Janna K. Whatley, Judge Presiding

## APPELLANT'S REPLY BRIEF
## OF YADIRA ADAME

BERNIE R. KRAY
State Bar No. 24078803
bkray@anglawfirm.com
WILLIAM N. ALLAN, IV          M. ALEX NAVA
State Bar No. 24012204        State Bar No. 24046510
ALLAN, NAVA, GLANDER & HOLLAND, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Facsimile: (210) 305-4219
serveone@anglawfirm.com
*ATTORNEYS FOR APPELLANT*

## ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      The Venue Transfer Was Not a Matter of Discretion But Per Se
                Reversible Error Subject to De Novo Review . . . . . . . . . . . . . . . . . . . 2

        B.      There Was No Discretion to Transfer Venue Based on Misstated
                Venue Facts or State Farm's Claim of Purported Reliance on
                Adame's Venue Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        C.      Adame's Amended Petitions Adapting to the Erroneous Venue
                Transfer Do Not Preclude Her From Challenging the Error . . . . . . . . 8

        D.      There Was No Discretion to Transfer Venue By Speculating that
                a Future Amended Petition Would Change the Basis on Which
                State Farm Should Have Originally Challenged Venue . . . . . . . . . . 11

III.    CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

**Cases**                                                          **Page(s)**

*Auto Excel Lube Ctr., Inc. v. Midstate Envtl. Servs., LLC*, No. 13-07-00424-CV,
2008 WL 3892426 (Tex. App.—Corpus Christi Aug. 25, 2008, no pet.) . . 3

*Barfield v. Howard M. Smith Co. of Amarillo*,
426 S.W.2d 834 (Tex. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bristol v. Placid Oil Co.*, 74 S.W.3d 156
(Tex. App.—Amarillo 2002, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Estate of Neuman*, No. 09–13–00570–CV,
2015 WL 2255563 (Tex. App.—Beaumont May 14, 2015, no pet.) . . . . . . 4

*Fleming v. Ahumada*,
193 S.W.3d 704 (Tex. App.—Corpus Christi 2006, no pet.) . . . . . . . . . . . . . . 9, 10

*GTE Commc'ns Sys. Corp. v. Tanner*,
856 S.W.2d 725 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Highland Capital Mgmt., L.P. v. Ryder Scott Co.*,
212 S.W.3d 522 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) . . . . . 3

*McIntosh v. McIntosh*,
894 S.W.2d 60 (Tex. App.—Austin 1995, writ denied) . . . . . . . . . . . . . 9, 10

*Shamoun & Norman, LLP v. Yarto Int'l Grp.*, LP,
398 S.W.3d 272 (Tex. App.—Corpus Christi 2012, pet. dism'd) . . . . . . 8, 10

*Wilson v. Tex. Parks & Wildlife Dep't*,
886 S.W.2d 259 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5, 8, 11, 13

**Statutes**

Tex. Civ. Prac. & Rem. Code § 15.063 . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5, 8, 11

Tex. Civ. Prac. & Rem. Code § 15.064 . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 8, 11, 13

**Rules**

Tex. R. Civ. P. 86 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 11

Tex. R. Civ. P. 87 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# I. INTRODUCTION

As explained in the Appellant's Brief of Yadira Adame, State Farm Lloyds ("State Farm") failed to follow the due order of pleading rule, filing its motion to transfer venue more than two months after filing its original answer and plea in abatement. As a matter of law, State Farm's waiver of its objections to improper venue fixed the propriety of venue in Jim Wells County. As a result, Live Oak County was not a proper venue as a matter of law and the order granting State Farm's motion to transfer venue was per se reversible error. Therefore, the final judgment must be reversed and the case remanded to the trial court for transfer back to Jim Wells County and a new trial.

In response, State Farm argues that the post-transfer amendment of Yadira Adame's venue allegations precludes her from challenging the erroneous venue transfer, that the issue on appeal is subject to an abuse of discretion standard, and that the original trial court acted within its discretion to transfer venue based on Adame's "inevitable" amended venue allegations and State Farm's claimed "reliance" on Adame's misstated venue allegations. As further explained below, however, Adame's amended petitions adapting to the erroneous venue transfer do not preclude her from challenging the error, the granting of State Farm's motion to transfer venue was not a matter of discretion but per se reversible error subject to de novo review, the original trial court had no discretion to transfer venue based on

misstated venue facts or State Farm's claim of purported reliance on Adame's venue allegations, and the original trial court had no discretion to transfer venue by speculating that a future amended petition would change the basis on which State Farm should have originally challenged venue.

## II. ARGUMENT AND AUTHORITIES

### A. The Venue Transfer Was Not a Matter of Discretion But Per Se Reversible Error Subject to De Novo Review

The plaintiff has the right to choose venue first. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994). Only where the defendant properly challenges venue does the plaintiff have the burden to prove that venue is maintainable in the county of suit. Tex. R. Civ. P. 86, 87. To properly challenge the plaintiff's venue choice, the defendant must file a motion to transfer venue before or concurrently with the filing of its answer or any other plea, pleading, or motion, except a special appearance. *See* Tex. Civ. Prac. & Rem. Code § 15.063; Tex. R. Civ. P. 86(1). When the defendant fails to properly challenge venue, "the propriety of venue is fixed in the county chosen by the plaintiff." *Wilson*, 886 S.W.2d at 260 (citing Tex. Civ. Prac. & Rem. Code § 15.063; Tex. R. Civ. P. 86). If the plaintiff's chosen county of suit was a proper venue, then any county to which the suit is transferred "cannot be a county of proper venue as a matter of law" and an order transferring venue would constitute reversible error. *Wilson*, 886 S.W.2d at 261–62 (citing Tex. Civ. Prac. & Rem. Code § 15.064). This per se

reversible error standard requires a de novo review of the entire record to determine the propriety of venue in the plaintiff's chosen county of suit versus the county to which the suit was transferred. *Wilson*, 886 S.W.2d at 261; *see also Auto Excel Lube Ctr., Inc. v. Midstate Envtl. Servs., LLC*, No. 13-07-00424-CV, 2008 WL 3892426, at *3 (Tex. App.—Corpus Christi Aug. 25, 2008, no pet.); *Highland Capital Mgmt., L.P. v. Ryder Scott Co.*, 212 S.W.3d 522, 535 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

In this case, the granting of State Farm's motion to transfer venue directly contradicts the governing statutes, rules, and case law. Specifically, the original trial court lacked authority to even consider transferring venue because State Farm waived its venue objections, and as a result, the propriety of venue was fixed in Jim Wells County. *See* Tex. Civ. Prac. & Rem. Code § 15.063; Tex. R. Civ. P. 86; *Wilson*, 886 S.W.2d at 260. (*See also* Appellant's Br. at 6–10). Because Jim Wells County was fixed as the proper venue, the original trial court lacked authority to find that Live Oak County was a proper venue and Jim Wells County was not. *See Wilson*, 886 S.W.2d at 261–62. Even if State Farm had timely filed its motion to transfer venue, the original trial court's venue determination would have been subject to de novo review, as explained in *Wilson*. Thus, to otherwise apply an abuse of discretion standard in this case, as State Farm suggests, would create a new conflicting exception under which trial courts could grant untimely motions to

transfer venue in disregard of *Wilson*, Rule 86 of the Texas Rules of Civil Procedure, and Sections 15.063 and 15.064 of the Texas Civil Practice and Remedies Code. Therefore, the granting of State Farm's motion to transfer venue was not a matter of discretion but per se reversible error subject to de novo review.

**B.     There Was No Discretion to Transfer Venue Based on Misstated Venue Facts or State Farm's Claim of Purported Reliance on Adame's Venue Allegations**

The decision in *Wilson* and the statutes and rules governing venue challenges have been well-established law for decades. In particular, the due order of pleading rule has been in effect since 1983. It is common knowledge that due order of pleading is perennially tested on the Texas bar exam. Thus, any attorney licensed in Texas should know that a motion to transfer venue must be filed before or concurrently with a party's answer or any other plea, pleading, or motion, except a special appearance. With such knowledge, any represented party must exercise due diligence to determine at the beginning of a case whether it has grounds to challenge venue. Even a pro se party cannot claim ignorance as an excuse for not complying with the due order of pleading rule. *See, e.g.*, *Estate of Neuman*, No. 09–13–00570–CV, 2015 WL 2255563, at *2 (Tex. App.—Beaumont May 14, 2015, no pet.). Accordingly, no statute, rule, or case has ever recognized an exception to the due order pleading rule based on misstated venue facts or a party's claim of reliance on an opposing party's venue allegations.

As the largest provider of homeowners insurance in Texas, State Farm is a sophisticated business often represented by counsel in property insurance cases and, as a result, well versed in litigation. As a matter of law, State Farm knew that it would waive its right to challenge venue unless it complied with the due order of pleading rule. *See* Tex. Civ. Prac. & Rem. Code § 15.063; Tex. R. Civ. P. 86; *Wilson,* 886 S.W.2d at 260. Disregarding this rule, State Farm filed its motion to transfer venue more than two months after filing its original answer and plea in abatement, claiming it had since "learned that the property is actually situated at 165 Boat Ramp Rd., Sandia, Texas," (CR 66; App. Ex. D)[1], even though it had received notice and knew of the exact address of Adame's property since at least November of 2013, (CR 152–60, 162–63). After Adame responded that State Farm waived its right to seek a venue transfer, (CR 144–50), State Farm asserted in reply that no waiver occurred because it had originally responded to the lawsuit based on Adame's venue allegations being apparently correct because her attorney signed the petition, (CR 248).

It is self-evident State Farm did not assume Adame's venue allegations were correct but simply failed to exercise due diligence to determine whether it had grounds to challenge venue. Before filing its answer, State Farm knew the exact

---

[1] Citations to the clerk's record filed with the appellate court on August 17, 2015 are as follows: CR [page]. Citations to the reporter's record filed with the appellate court on August 18, 2015 are as follows: RR [page]. Citations to documents in the Appendix to Appellant's Brief are as follows: App. Ex. [exhibit letter].

address of Adame's property and had ample opportunity to search the same property records it later presented in its motion to transfer venue. Under the circumstances, there are only two possible scenarios: (1) State Farm checked those property records before filing its answer but neglected to file its motion to transfer venue in due order; or (2) State Farm waited to check those property records until after filing its answer and then sought to circumvent the due order of pleading rule based on an assumption it never made. Logically, if State Farm assumed that Adame's venue allegations were correct, then it had no reason to check for property records that showed otherwise.

In support of its claimed assumption, State Farm attempted to conflate the statutes and rules governing venue challenges with the statutes and rules governing the signing of pleadings. Whether Adame's petition was filed in good faith in compliance with Section 10.001 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure is an entirely separate issue. The presumption of good faith filing could only be overcome if State Farm had filed a motion for sanctions and presented evidence showing that Adame's venue allegations were both (a) groundless, and (b) brought in bad faith or for the purpose of harassment. *See, e.g., GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730–31 (Tex. 1993). However, State Farm never filed, provided notice of, or set a hearing on any motion for sanctions—State Farm merely claimed that it assumed

Adame's venue allegations were correct because her attorney signed the petition. Moreover, the record supports that Adame's attorneys brought suit in good faith in Jim Wells County because her property is located in Sandia, Texas, which is generally known as a place located in the northeastern portion of Jim Wells County. (CR 201–03; RR 8).

State Farm also never asserted in its motion, its reply brief, or at the venue transfer hearing that the doctrine of equitable estoppel precluded its waiver of venue because of its now claimed "reliance" on Adame's venue allegations. (CR 65–70, 246–51; RR 1–13). Adame objects that State Farm is barred from raising its equitable estoppel argument for the first time on appeal. But even if it had sufficiently raised this argument to the trial court, no case has ever applied equitable estoppel to excuse a party's failure to comply with the due order of pleading rule. Moreover, "[a] party claiming an estoppel must have used due diligence to ascertain the truth of the matters upon which he relies in acting to his detriment." *Barfield v. Howard M. Smith Co. of Amarillo*, 426 S.W.2d 834, 838 (Tex. 1968). Thus, there can be no reliance on a representation where the real facts were known or were open to convenient ascertainment. *Id.* Accordingly, State Farm cannot circumvent the due order of pleading rule under the equitable estoppel doctrine or any similar theory because it knew the exact address of Adame's property and, after failing to exercise due diligence, later ascertained the county of

her property from publicly available property records.

Knowing it waived its venue challenge, State Farm desperately attempted to circumvent the due order of pleading rule by disparaging Adame and her attorneys with an unwarranted claim of fraud. Such gamesmanship should not be allowed to turn the law on its head and create a new conflicting exception under which trial courts could grant untimely motions to transfer venue in disregard of *Wilson*, Rule 86 of the Texas Rules of Civil Procedure, and Sections 15.063 and 15.064 of the Texas Civil Practice and Remedies Code. As a matter of law, the granting of State Farm's motion to transfer venue was per se reversible error. *See Wilson*, 886 S.W.2d at 261–62. Therefore, the original trial court had no discretion to transfer venue based on misstated venue facts or State Farm's claim of purported reliance on Adame's venue allegations.

**C.  Adame's Amended Petitions Adapting to the Erroneous Venue Transfer Do Not Preclude Her From Challenging the Error**

As a matter of law, a transfer of venue to an improper county can never be harmless error but constitutes reversible error. Tex. Civ. Prac. & Rem. Code § 15.064(b); *Wilson*, 886 S.W.2d at 261–62. This is so because affirming the granting of a motion to transfer venue, when the original county the plaintiff selected had been a county of proper venue, would "eviscerate the plaintiff's right to select venue." *Wilson*, 886 S.W.2d at 261. Similarly, parties cannot agree or consent to transfer venue to an improper county. *See, e.g., Shamoun & Norman,*

*LLP v. Yarto Int'l Grp.*, LP, 398 S.W.3d 272, 289 (Tex. App.—Corpus Christi 2012, pet. dism'd); *Fleming v. Ahumada*, 193 S.W.3d 704, 712–13 (Tex. App.—Corpus Christi 2006, no pet.). Consistently, a plaintiff's actions to adapt to an erroneous venue change cannot legitimize the reversible error or waive the right to complain of it on appeal. *McIntosh v. McIntosh*, 894 S.W.2d 60, 65 (Tex. App.—Austin 1995, writ denied).

In *McIntosh*, the plaintiffs brought negligence claims against several doctors and a county hospital administrator and filed suit in Travis County based on a defendant doctor's residence. 894 S.W.2d at 62. The defendants timely filed motions to transfer venue to Llano County, the mandatory venue for the county hospital, arguing that the suit against the administrator (as a county official) was really a suit against the hospital. *Id.* The trial court granted the motions to transfer venue, and after the venue transfer, the plaintiffs amended their petition to include a claim against the hospital directly. *Id.* On appeal, the defendants additionally argued that venue became mandatory in Llano County when the plaintiffs made the hospital a party defendant in their post-transfer amended petition. *Id.*

The appellate court reversed and remanded with instructions to transfer the case back to Travis County. *Id.* at 65. The appellate court concluded that venue was proper in Travis County when the suit was filed, that the tort action against the county hospital administrator in his individual capacity was not an action against

the county for venue purposes, and that it was reversible error to transfer the case to Llano County. *Id.* at 63–65. The appellate court also held that the plaintiffs' attempt to adapt to the erroneous venue transfer—by adding the county hospital as a party—"neither transformed an originally proper venue into an improper one nor precluded them from challenging the improper transfer." *Id.* at 65. The appellate court reasoned that allowing such a post-transfer action to fix venue in another county "would defeat the guiding principle of *Wilson*" that the plaintiff has the right to choose venue first. *Id.*

Like the defendants in *McIntosh*, State Farm contends on appeal that the erroneous venue transfer in this case was harmless error because Adame later amended her petition to allege that Live Oak County was a proper venue. However, Adame could not agree or consent to the venue transfer because, as previously explained, State Farm's waiver of its objections to improper venue fixed the propriety of venue in Jim Wells County and made Live Oak County an improper venue as a matter of law. *Cf. Shamoun*, 398 S.W.3d at 289; *Fleming*, 193 S.W.3d at 712–13. Additionally, like the plaintiffs in *McIntosh*, Adame's post-transfer amendment of her venue allegations cannot legitimize the reversible error or waive the right to complain of it on appeal because it was merely an attempt to adapt to the erroneous venue transfer. *Cf. McIntosh*, 894 S.W.2d at 65. That is, Adame had to proceed to try the case to a final judgment in Live Oak County

because the order was not subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 15.064(a). Moreover, the venue cases that State Farm relies on for this argument are distinguishable and inapposite because Adame did not non-suit the case or move to withdraw an appeal of the venue transfer, nor has she asserted error in the denial of a timely motion to transfer venue. Rather, Adame sought the denial of State Farm's untimely motion to transfer venue that was granted contrary to binding authority. Therefore, Adame's amended petitions adapting to the erroneous venue transfer do not preclude her from challenging the error.

### D. There Was No Discretion to Transfer Venue By Speculating that a Future Amended Petition Would Change the Basis on Which State Farm Should Have Originally Challenged Venue

State Farm further speculates that the venue transfer was "inevitable" because Adame would have had to amend her petition to correct her venue allegations even if the original trial court had denied its motion. Had the motion been denied, however, Adame would have had no reason to change her venue allegations because State Farm's waiver of its objections to improper venue fixed the propriety of venue in Jim Wells County. *See* Tex. Civ. Prac. & Rem. Code § 15.063; Tex. R. Civ. P. 86; *Wilson*, 886 S.W.2d at 260. At best, Adame would have amended her venue allegations to simply state that Jim Wells County was a proper venue because State Farm waived its venue challenge. Likewise, Adame would have had no reason to amend her venue allegations in an attempt to adapt to

an erroneous venue transfer. Moreover, as previously explained, Adame could not otherwise agree or consent to transfer the case to an improper county.

Nevertheless, State Farm presumes on appeal that the original trial court was entitled to conclude that Adame would later amend her pleadings to provide State Farm a new chance at moving for a venue transfer. But the cases cited by State Farm do not support this speculative proposition. Rather, State Farm relies on distinguishable and inapposite cases in which defendants could not have originally challenged venue, and in this case State Farm had the opportunity to challenge venue before or at the same time as the filing of its original answer based on its knowledge of the exact address of Adame's property. (*See* Appellant's Br. at 10–11). Moreover, on appeal, State Farm's primary reliance on *Bristol v. Placid Oil Co.*, 74 S.W.3d 156 (Tex. App.—Amarillo 2002, no pet.), is misplaced. In *Bristol*, the defendant filed a timely motion to transfer venue but waited 32 months to set a hearing on the motion after the plaintiff amended the petition to add a new claim triggering a mandatory venue statute. In contrast, State Farm failed to timely file its motion to transfer venue as required under the due order of pleading rule, and no purportedly inevitable change in Adame's venue allegations would have changed the basis on which State Farm should have originally challenged venue.

State Farm's made up "inevitable amendment" rule is an illogical extension of its harmless error argument based on Adame's post-transfer amended petitions,

which itself wholly lacks support. (*See* Part II.C above). State Farm's failure to follow the due order of pleading rule waived its venue objections, fixed the propriety of venue in Jim Wells County, and made Live Oak County an improper venue. As a matter of law, a transfer of venue to an improper county can never be harmless error but constitutes reversible error. Tex. Civ. Prac. & Rem. Code § 15.064(b); *Wilson*, 886 S.W.2d at 261–62. Therefore, the original trial court had no discretion to transfer venue by speculating that a future amended petition would change the basis on which State Farm should have originally challenged venue.

## III.   CONCLUSION AND PRAYER

For the reasons stated in Appellant's Brief and above, State Farm had no right to move for a transfer of venue and the original trial court had no discretion to grant a venue transfer from Jim Wells County to Live Oak County. The granting of State Farm's motion to transfer venue was per se reversible error and cannot be affirmed as harmless error. As a result, the venue transfer order and all subsequent proceedings in Live Oak County should be held invalid as a matter of law. Therefore, Adame respectfully requests that the Court reverse the venue transfer order and final judgment, remand this case for the transfer of venue to and a new trial to be held in Jim Wells County, and enter an order assessing the costs of appeal against State Farm and awarding Adame such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

Allan, Nava, Glander & Holland, PLLC

By: */s/ Bernie R. Kray*
    BERNIE R. KRAY
    State Bar No. 24078803
    WILLIAM N. ALLAN, IV
    State Bar No. 24012204
    M. ALEX NAVA
    State Bar No. 24046510
    825 W. Bitters Road, Suite 102
    San Antonio, Texas 78216
    Telephone: (210) 305-4220
    Facsimile: (210) 305-4219
    bkray@anglawfirm.com
    serveone@anglawfirm.com
*Attorneys for Appellant, Yadira Adame*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document is computer-generated and prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. I further certify that this document contains 3,419 words, excluding any parts exempted by Rule of Appellate Procedure 9.4(i)(1), based on the word count provided by the software used to prepare this document.

/s/ Bernie R. Kray
Bernie R. Kray

## CERTIFICATE OF SERVICE

I hereby certify that, on November 9, 2015, a true and correct copy of this document was served by electronic service, mail, fax, and/or email to the following counsel of record for Appellee/Defendant, State Farm Lloyds:

J. Joseph Vale
ATLAS, HALL & RODRIGUEZ, LLP
818 Pecan/P.O. Box 3725
McAllen, Texas 78501
Phone: (956) 682-5501
Fax: (956) 686-6109
jvale@atlashall.com

Ray R. Ortiz
Jonathan Law
JONES, ANDREWS & ORTIZ, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Phone: (210) 344-4900
Fax: (210) 366-4301
ray@jao-law.com
jon@jao-law.com

*/s/ Bernie R. Kray*
Bernie R. Kray